LIPPERT, Appellant, vs. SCHOOL DISTRICT No. 4 OF THE VILLAGE OF SHOREWOOD and others, Respondents.

*April 11—May 12, 1925.*

Schools: *Limit of indebtedness of district: How computed: Indebtedness of village with same boundaries not added.*

1. In determining whether the indebtedness of a school district exceeds the constitutional limit, the indebtedness of a village within limits coterminous with those of the district is not to be added to that of the district, sub. (2), sec. 67.03, Stats., providing that the indebtedness so limited is that incurred independently of any other municipality. p. 154.

2. Each municipality is a separate entity, qualified to borrow up to the limit of its indebtedness under sec. 3, art. XI, Const., and is separately liable for that indebtedness. p. 155.

APPEAL from a judgment of the circuit court for Milwaukee county: OTTO H. BREIDENBACH, Circuit Judge. *Reversed.*

For the appellant there was a brief signed by *Rubin, Wurster & Rouiller* and *W. B. Rubin,* and oral argument by *E. G. Wurster* and *George M. Hanley,* all of Milwaukee.

*George H. Gabel* of Milwaukee, for the respondents.

VINJE, C. J.    This is an action by a taxpayer to restrain the defendant from issuing the bonds referred to in the case of *School District No. 4 of Village of Shorewood v. First Wisconsin Co.,* decided herewith (*ante,* p. 150, 203 N. W. 939), and it presents the same question presented in that case, and also an additional question.    It appears from the evidence that the limits of the school district of the village of Shorewood and of the village of Shorewood are coterminous, and it is claimed that the indebtedness of the village of Shorewood should be added to the indebtedness of the school district in order to determine the constitutional limit of indebtedness.    This claim is decided against the appellant by sub. (2) of sec. 67.03 of the Statutes, which provides,

"The amount so limited includes such indebtedness only as has been or may be incurred independently by a municipality for its own separate purposes; and does not include any indebtedness, in whole or in part, that has been or may be incurred independently by any other municipality for its own separate purposes, even though the territory and taxable property of either municipality constitutes the whole or a part of the territory and taxable property of the other." The language of the constitution so clearly states.. It says, "No county, city, town, village, school district, or other municipal corporation shall be allowed to become indebted in any manner or for any purpose to any amount, including existing indebtedness, in the aggregate exceeding five per centum," etc. It is clear that this language refers to the individual indebtedness of each municipality mentioned and not to the aggregate indebtedness of municipalities. Such has also been the uniform construction placed upon it since the adoption of the constitution. It is a well known fact that in determining the indebtedness of a city its indebtedness alone is the basis upon which the constitutional limit is ascertained though it is included within a county and the county may also be indebted. It has never been thought that since the city lies within the county and the taxable property from which the city can obtain money to liquidate its indebtedness is also a part of the county that the county indebtedness or any portion thereof should be added to the city's indebtedness in determining its constitutional limit of indebtedness.

Each municipality mentioned in the constitution is authorized to borrow up to the limit of its indebtedness, not to that of its and another municipality's indebtedness. Each municipality is a separate entity qualified to borrow and is separately liable for its indebtedness.

In the case of *State ex rel. Marinette, T. & W. R. Co. v. Tomahawk,* 96 Wis. 73, 71 N. W. 86, it was held that to the city's indebtedness could not be added the indebtedness

of a school district which had formerly been a part of the city without showing that such indebtedness or a part thereof had been apportioned to the city, and then only the apportioned part could be added, thus showing that the indebtedness of the one could not be considered the indebtedness of the other.

So far as this case is concerned, since the plaintiff is entitled to a judgment restraining the issuance of the bonds the question need not be decided, but it is deemed best to consider and decide it so that the whole subject presented by the appeal may be determined.

*By the Court.*—Judgment reversed, and cause remanded with directions to enter judgment in accordance with the prayer of the complaint.