BODEN and others, Appellants, vs. TOWN OF LAKE and others, Respondents.

*November 8—December 7, 1943.*

216

[redacted]

[redacted]

For the appellants there was a brief by *Hammersley, Torke & Kelley* of Milwaukee, and oral argument by *Charles E. Hammersley.*

For the respondents there was a brief by *C. R. Dineen,* attorney, and *James E. McCarty* of counsel, both of Milwaukee, and oral argument by *Mr. McCarty.*

FOWLER, J. The action was brought to set aside a special assessment for construction of a sanitary sewer constructed by the town of Lake through a fifty-three-acre tract of farm land in the town on the ground that the town did not acquire jurisdiction to impose the tax and to recover the amount of the taxes imposed which were paid under protest. The tax imposed was to be paid in three annual instalments of $367 each, to be put upon the tax rolls of 1938, 1939, and 1940. The action was commenced March 6, 1940. The 1938 and 1939 instalments had been paid prior to that time. The 1940 instalment was paid February 27, 1941. The case was tried to the court in June, 1942.

Sec. 75.62 (1), Stats., provides that whenever any action is "commenced to set aside . . . any tax, for any error or defect going to the validity of the assessment and affecting the groundwork of such tax," the plaintiff shall pay the amount

of the tax to the taxing unit "within twenty days after the commencement of such action." The court held that sec. 75.62 (1) applied to the case. It also found and concluded that the proceedings taken were authorized under statutes applicable and that the tax was valid. It directed judgment dismissing the complaint but did not specify the ground on which it should be entered. The judgment entered declared and adjudged the tax valid.

We will first consider the effect, if any, that sec. 75.62 (1), Stats., has upon the case. *Lombard v. McMillan,* 95 Wis. 627, 70 N. W. 673, was ejectment by the original owner of land to recover possession of the land from the vendee under a tax deed. Ch. 278, Laws of 1883, provided that no action should be commenced, maintained, or prosecuted by such original owner to recover possession of, or in any way affecting the title of the land until all taxes levied on the land since the tax sale were paid into the county treasury. This court held that nonpayment of such taxes was matter in abatement and not in bar ; that objection to prosecution of the action must be taken by demurrer or plea in abatement or it is waived ; and that nonpayment did not destroy the right of action. A plea in abatement had been entered. The court dismissed the action under the plea in abatement.

The rule of the *McMillan Case, supra,* applies to the instant action. There was here a plea in abatement, although it was not denominated as such. The answer pleaded nonpayment of the third instalment and that was sufficient to constitute the allegation a plea in abatement. 3 Bryant, Wis. Pl. & Pr. (2d ed.) sec. 305. The statute did not make the payment a condition precedent, for it expressly provided that payment might be made within twenty days from commencement of the action. The nonpayment did not destroy the plaintiffs' right of action but left him free to commence another case upon the same cause of action as in the *McMillan Case, supra.*

In the instant case the answer interposed the plea in abatement and a plea on the merits. This is a proper practice. 3 Bryant, Wis. Pl. & Pr., *supra*. The trial judge decided the case upon both issues. By his written decision and his findings of fact and conclusions of law he decided both that the action should be dismissed because of nonpayment of the assessments within the twenty days, and also decided that it should be dismissed on the merits. If the court had decided the issue under the plea in abatement the other way it would have been proper to proceed to decide the case upon the merits. But having decided that issue as he did, judgment could not be granted on both grounds. The judgment must either have been entered upon the plea in abatement and been merely of dismissal with right to commence another action or been entered on the merits. The trial judge's conclusion of law merely was "That the defendants are entitled to judgment dismissing plaintiffs' complaint with costs." The judgment entered is plainly on the merits. The defendants by entering such judgment did not rely on their plea in abatement and waived the defense under that plea just as effectively as they would have waived it by not entering the plea. As to trials together of pleas in abatement and in bar see Pomeroy, Code Remedies (4th ed.), sec. 597.

As above stated, the principal ground of the claim that the special tax involved is invalid is that the town did not acquire jurisdiction to impose it. The sewer extended for nearly a mile wholly within the town of Lake adjacent to the east beside a railroad track and in a road called South Sixth street which is an extension of Sixth street in the city of Milwaukee. The tax was imposed on the adjacent lands east of the street only, but plaintiffs' whole tract of fifty-three acres was included while ten and a half acres lay west of the railroad track and received no possible benefit from the sewer. The purported basis of the tax is a resolution passed by the town board

January 4, 1937, reciting in a preamble, in substance, that the matter of installing a sanitary sewer in and along South Sixth street from the south limits of the city of Milwaukee to East Layton avenue had been considered, and that it had been decided that such installation was "for the best interests of the residents of the town of Lake and for the public interest, health and convenience of said residents." The enacting part of the resolution "Resolved that pursuant to . . . Stats. 1935, chapters 60, 61 and 62 . . . that the said sanitary sewer be laid . . . and that the engineer make and submit to the town board plans and specifications for said sewer."

The next step in the proceedings was a resolution reciting the submission to the town board by the engineer of plans and specifications for the said sewer, which "Resolved" that 'a notice be published that the plans and specifications were open for inspection at the office of the town clerk and "all persons owning or interested in real estate in said district are entitled to examine the same and file objections thereto," and that at a time and place specified the board would be in session to consider objections filed and hear all persons desiring to be heard. Such notice was duly published and at 7:40 p. m. at the close of the meeting noticed the board "approved" the plans and specifications.

The act of the board purporting to impose the special tax involved, and the only enactment besides those above noted that has any possible bearing on the validity of the tax is a resolution adopted December 14, 1938, after completion of the sewer, reciting that whereas the board had been requested to construct the sewer by a "petition of the property owners" who had "agreed to pay the cost of all materials, equipment rental and engineering and inspection charges therewith connected, under the WPA program;" and whereas "the costs of the construction of said sanitary sewers and laterals opposite the tract of land abutting" the same was as shown on attached exhibits; "Resolved that a tax be and is hereby levied to pay the cost of

construction of said sanitary sewers and laterals" on the abutting lands as shown by the exhibits and that the tax be extended in three instalments on the "1938, 1939 and 1940 tax rolls." The "exhibits" referred to merely referred to the plaintiffs' land as fifty-three acres and stated the assessment to be $1,103.41. The plaintiffs did not sign the "petition" referred to which was signed by fourteen persons. The sewer was built as a WPA project. The federal government contributed $43,150 toward it. The town paid the rest of the cost. The cost to the town was $3.45 per lineal foot and the assessment was $1.25 per lineal foot.. No bids for construction of the sewer were taken or advertised nor was any contract for its construction entered into.

In the matter of special assessments it is fundamental that the assessments therefor cannot exceed the benefits resulting to the property taxed and that somewhere along the line the owner must have notice, actual or constructive, that his property is to be taxed and given opportunity to be heard as to the amount of the assessment. *Bekkedal v. Viroqua,* 183 Wis. 176, 196 N. W. 879, 197 N. W. 707; *George Williams College v. Williams Bay,* 242 Wis. 311, 7 N. W. (2d) 891. Without such notice jurisdiction to impose the tax is wanting.

In the instant case no opportunity was given to the plaintiffs to be heard upon this question. The first resolution is the only one giving any sort of notice, and that was insufficient as notice of a special tax because nothing in it informed the plaintiffs that their property or any property would be specially assessed. The implication from the terms of the resolution plainly is that the cost of the sewer would be paid for by the whole town for the statement is that the sewer was to be constructed for the benefit of the whole town instead of for that of the abutting property.

Not only do the resolutions show on their face that no notice was ever given to plaintiffs that a special tax was to be imposed against their property or that they might be heard as to

the amount thereof, but the resolutions fail utterly to conform to the provisions for the proceedings necessary for cities to take in order to acquire jurisdiction to impose a special tax for sewer construction. The only provision in the chapter covering town government that relates to the construction of sanitary sewers is sec. 60.30, Stats., and subsequent sections authorizing the creation of town sanitary-sewer districts. It is not contended that the instant sewer was constructed or a sewer district was created under these provisions. Justification for construction of the sewer by the town and the town's proceedings is claimed under the power given cities by sec. 62.18. This section is made applicable to villages by sec. 61.45 which was construed in *George Williams College v. Williams Bay, supra,* as giving villages the power to proceed under it. Sec. 59.96 (9) (b) gives to towns in metropolitan sewerage districts the powers of villages in matters of sewer construction, and the town of Lake is within such a district.

Sec. 62.18 (1), Stats., provides that cities may construct sewer systems and provide for the payment of sewers by sewerage districts by abutting owners or by any combination of these methods. Whenever the common council shall determine to lay sewers or provide sewerage for any part of the city it shall so order by resolution which shall describe with reasonable particularity the district sewered. Sub. (2) of sec. 62.18 provides that when sewers are ordered "plans and specifications of the sewerage for such district" shall be made which shall show among other particulars "the boundary lines of the district and the number of each lot or parcel of land" which would necessarily indicate the boundary of each parcel to be taxed. Sub. (3) provides for such notice for examination of the plans as was given in the instant case. The resolution of the town board purporting to order the sewer did not create or describe a "district" to be "sewered" nor did the instant plans show the boundary lines of the district or "the number of each lot or parcel of land."

Sub. (9) of sec. 62.18, Stats., particularly covers the matter of special assessments. Par. (c) provides for notice and hearings on assessments as it provides for assessment of benefits as required for street improvements by sec. 62.16 (6). This statute by pars. (a), (b), (c), (d), and (f) of sub. (6) provides that before any work on a street to be paid for at the expense of the property benefited is ordered there shall be a determination by the board of public works of the benefits to accrue to each parcel of real estate to be taxed; this board shall make and file a report of their determinations; notice shall be given by publication that the report is filed and open for inspection and that objections thereto by interested parties will be heard by the board; pars. (h) and (i) provide for final determination by the city council of the amount of the cost that will be paid by the city and the amount to be paid by the land as benefits and for notice that such determination will be made and objections of all parties interested will be heard; and pars. (j), (k), and (l) provide for notice that the final determination has been made, that appeal therefrom to the circuit court by any property owner may be taken within twenty days from date of the determination, and that such appeal is the sole remedy of the property owner. None of the proceedings required by sec. 62.16 (6) were taken. If the original resolution of the town board be considered sufficient to indicate the district to be taxed it would still fail to confer jurisdiction to impose the tax for want of notice that a special assessment would be made and for want of a hearing to the property owners as to the amount of the tax to be assessed against their property. Pars. (j) and (l) are important to note because by them if applicable the property owner is denied the remedy here invoked. But the statute is not applicable because the notice of final determination was not given the plaintiffs so that they could appeal within the twenty days limited. The remedy invoked is still left them, else they are denied due process and their property taken in violation of the Fourteenth amendment to the United States constitution.

224

It is contended on the authority of *Hennessy v. Douglas County*, 99 Wis. 129, 144, 74 N. W. 983, that the notice of the filing of the plans here given was sufficient to validate the tax. But in that case although the only charter provision for notice necessary to constitute notice of a special assessment to the persons to be assessed was a notice in terms such as was here given, the situation involved in that case comprised several matters not here present. In the first place, the charter involved provided that at least part of the cost of the sewers in a district must be paid for by special assessments against abutting property according to the benefits to the property and everyone owning property abutting a sewer knew that a special assessment would be made against it. Also a district must have been established and detailed plans made and filed showing the courses of the sewers in the district and the boundaries of the district must have been first established. The plan for the district had to be prepared and filed "showing the lots and parcels of land, the main sewers, minor sewers, manholes, catch basins, and all other matters pertaining to the system." Here there was no provision of law that sewers must be paid for by special assessments on abutting property; no sewer district had been established; and no plans were on file showing any parcels of land affected or what territory would be served by the sewer, and no assessment was ever made according to benefits but all tracts were assessed at a flat rate regardless of benefits. We consider that the instant plans and notice fell far short of affording the notice afforded by the notice in the case cited. That case clearly indicates that to give jurisdiction to impose a special assessment the owner must have "an opportunity to question the validity of the amount of it, either before that amount is determined or in subsequent proceedings for its collection." Opinion page 150. Here the plaintiffs were given no opportunity to question the amount of the tax

in the proceedings of the town board either before or after the tax was imposed.

*By the Court.*—The judgment of the circuit court is reversed, with directions to enter judgment according to the prayer of the complaint.