FORT HOWARD PAPER COMPANY, Respondent, vs. FOX RIVER HEIGHTS SANITARY DISTRICT and others, Appellants.*

*October 22, 1946, January 16—April 8, 1947.*

* Motion for rehearing denied, with $25 costs, on June 10, 1947.

For the appellants there were briefs by *Davis, Soquet & Davis* of Green Bay, and oral argument by *M. E. Davis* and *D. E. Soquet*.

For the respondent there were briefs by *Strehlow & Cranston* of Green Bay, and *Lines, Spooner & Quarles* of Milwaukee, attorneys, and *L. S. Clemons* of Milwaukee of counsel, and oral argument by *Mr. Max H. Strehlow* and *Mr. Clemons*.

ROSENBERRY, C. J. In June, 1945, a petition was filed pursuant to the provisions of sec. 60.302 (1), Stats. The petition was in due form and complied with the requirements of sec. 60.302 (3) and (4). The town board fixed a time and

place of hearing upon the petition and gave notice thereof as provided in sec. 60.303 (1) and (2).

Sec. 60.303 (3), Stats., provides: "Upon the hearing, if it shall appear to the town board after consideration of all objections, that the petition is signed by the requisite owners of real estate as provided in subsection (1) of section 60.302, and that the proposed work is necessary, and that the public health, comfort, convenience, necessity or public welfare will be promoted by the establishment of such district, and the property to be included in the district will be benefited by the establishment thereof, the town board, by formal order, shall declare its findings and shall establish the boundaries and shall declare the district organized. . . ."

Sec. 60.303 (7), Stats., provides: "A copy of the order by the town board establishing such town sanitary district shall be filed with the secretary of the state board of health, and a copy shall be filed with the register of deeds in the county or counties in which the district is situated."

Sec. 60.304, Stats., provides: "Any party aggrieved by any act of the town board in the establishment of a town sanitary district may bring action in the circuit court of the county in which his lands are located, to set aside the action of the board, within twenty days after final determination by said board. Unless action is so taken within such period, the determination by the town board shall be conclusive."

The material part of the order of the town board is as follows:

"That the petition filed June 5, 1945, is signed by the requisite owners of real estate as provided in subsection (1) of section 60.302, Wisconsin statutes, 1943, that the proposed work is necessary and that the public health, comfort, convenience, necessity and public welfare will be promoted by the establishment of such district, that the property to be included in the district as described in said petition and notice will be benefited by the establishment thereof,

"Now, therefore, we, the the town board of Ashwaubenon, Brown county, Wisconsin, hereby declare that it finds the above facts and do hereby declare the said Fox River Heights

Sanitary District, town of Ashwaubenon, Brown county, Wisconsin, *duly* organized, and the boundaries established as follows, to wit: [Description omitted.]

"That we further declare and order that said district shall be known as Fox River Heights Sanitary District, town of Ashwaubenon, Brown county, Wisconsin, by which said district shall hereafter be known, and declare that said district shall be a body corporate with the powers of a municipal corporation for the purposes of carrying out said organization."

The order was made on the 27th day of June, 1945, and within the time prescribed by sec. 60.304, Stats., the plaintiff began this action to—

"set aside the action of the said town board of Ashwaubenon whereby it decided that the lands owned by the plaintiff will be benefited by the establishment of said district, and whereby it refused to eliminate the plaintiff's above-described lands from, but included them in, the creation and establishment of said" district.

The matter was brought on for trial and the issue presented for trial was whether the lands of the plaintiff would be benefited by the creation of the district. The court proceeded to try this issue without any reference whatever to what was before the town board. The court found as a matter of fact that the plaintiff's property will not be benefited by the establishment of the district and entered the following judgment, that the order of June 27, 1945, holding that the plaintiff's property will be benefited by the formation of the district—

"be, and the same is hereby, set aside so far as it relates to the plaintiff's real estate included in said district and described as [description omitted], be, and the same is hereby, eliminated from the said Fox River Heights Sanitary District," from which judgment all of the defendants appeal.

In the consideration of this case the first question that arises is, What was the circuit court empowered to do by the provisions of sec. 60.304, Stats., already set out? In the first place, it is to be noted that a party aggrieved is authorized to

bring an action "to set aside the action of the board." We are unable to find in this provision any authority for the trial court to modify the order of the board by eliminating the property of the plaintiff. The statute authorizes the court to set aside the order, not to revise it.

The question here is to what extent has the court power to review the action of a body exercising legislative power. By sec. 60.301, Stats., the legislature delegated to the town board the power to establish a town sanitary district. The power thus delegated to the town board being legislative in its character, cannot be exercised by a court. *In re Incorporation of Village of North Milwaukee* (1896), 93 Wis. 616, 67 N. W. 1033; *Clintonville Transfer Line v. Public Service Comm.* (1945) 248 Wis. 59, 21 N. W. (2d) 5.

It is the contention here that the court can eliminate the property of the plaintiff, in which event it would leave an entirely different district than that organized by the town board and in all probability one which the town board would not organize.

The power of the court to deal with the matter is limited by two factors: First, the court may not exercise legislative power; second, unless otherwise provided by statute, its jurisdiction is limited in the review of legislative orders to inquire as to, (1) the validity of the statute under which the legislative body acts; (2) whether the legislative body proceeded in accordance with the provisions of law and within its jurisdiction; (3) whether the legislative body acted arbitrarily, capriciously, or oppressively. If the town board acted without evidence sufficient to support its findings it acted arbitrarily. For any of these reasons the order of the board may be set aside.

In this case no attempt was made to attack the proceedings had before the town board. The statute does not require a record of the proceeding to be kept. In the absence of such a record, it must be presumed that the town board acted upon

sufficient evidence to sustain its findings as there is nothing in the record to indicate the contrary.

The question of benefits was tried *de novo* as to plaintiff's property. No claim is made that there was not sufficient evidence before the board to sustain its findings. The trial court did not find that there was not sufficient evidence before the town board to sustain its finding. The court trying the matter anew came to a different conclusion than that reached by the town board but made no finding that the action of the town board was in any way arbitrary, capricious, or oppressive. If the judgment of the circuit court is affirmed, the affirmance would result in. the organization of a district materially and substantially different from that which was organized by the town board. The court would thus be doing something that it has no power to do.

The legislature could not delegate to the court the power which was delegated to the town board. Fixing the limits of the proposed district is within the discretion of the town board, which discretion the court has no power to review. The order must be set aside or affirmed in toto.

This conclusion is fortified by the provisions of sec. 60.303 (4), Stats., which provides:

"If the town board finds that the territory set out in the petition should not be incorporated into a town sanitary district, it shall dismiss said proceedings and tax the cost against the signers of the petition. If the district is established, certified bills covering the reasonable cost and disbursements of the petitioners may be presented to the commissioners hereinafter provided for and paid out of the funds of the district."

Sub. (8) of the same section provides: "Additions and alterations to any such district may be made in the manner provided for the creation of such a district."

From this it is clear that neither the town board nor the court has power to change the boundaries of the proposed district except that the town board may change the boundaries in the manner provided in sub. (8), sec. 60.303, Stats.

This brings us to the consideration of another question. It was assumed upon the trial of this matter in the circuit court that the requirements of sub. (3), sec. 60.303, Stats., already quoted, that the board shall find that "the property to be included in the district will be benefited by the establishment thereof" refers to each piece or parcel of land in the district. It is considered that that is not what the legislature meant by the language used. The statute does not provide that if any piece or parcel of land included within the boundaries of the proposed district shall not be benefited, the district shall not be organized. If the town board finds that the property within the boundaries of the proposed district as a whole will be benefited then the district is to be organized. For example, if some parcel of land was included in the proposed district which lay out of the watershed and could not be served by the proposed improvement, manifestly a property so situated could not be benefited. If all the property within the boundaries of the proposed district is in the watershed and the proposed improvement may serve it, then the property of the district as a whole is benefited and the town board if it makes the other necessary finding may organize the district. The organization of a sanitary sewer district is in the interest of the public health. Such a district cannot be organized unless the town board finds from the evidence that the public health, comfort, convenience, necessity, and public welfare will be promoted thereby. That is the benefit that is meant by the statute. While the district is organized to promote the public health and welfare, the construction of a sanitary sewer will no doubt make the adjacent property more desirable and benefit it by increasing its value.

After the district is organized and assessments are to be levied, a question may arise with respect to benefits to each piece or parcel of land, depending upon the method of assessment prescribed by statute. It is difficult to see how benefit to property due to the organization of a sanitary sewerage

district to promote the public health and welfare can be apportioned other than on the basis of area or linear-foot extent of the property. The matter of benefits which may accrue to the several parcels of land within the district does not arise upon the hearing for the organization of the district.

It is manifest from the proceedings in this case that the property of the plaintiff, along with all other property within the boundaries of the proposed district, will be benefited because the lands are within the watershed and may be served by the proposed improvement. Because the plaintiff has a much larger parcel of land within the district and has provided methods of disposal for the sewage originating in its plant does not mean that its property as a whole may not be benefited by the organization of the proposed district. If the theory upon which the plaintiff proceeds in this case was to be approved, the organization of sanitary drainage districts would become a very difficult undertaking and one not likely to succeed in many cases.

While in the formal findings filed by the court it is held that plaintiff's property will not be benefited by the establishment of the said Fox River Heights Sanitary District, it is evident from the record in this case that this finding was based upon the decision of the judge who tried the case that unless the benefits to plaintiff's property equal or exceed the cost of the improvement to the plaintiff, its property is not benefited. In other words, there must be a net financial gain to the plaintiff. This reduces benefit to the public health and welfare to a cash basis. The statutes relating to assessments clearly indicate that some part of the cost of the construction, operation, and maintenance of the improvements must be raised by a general tax levied upon the property within the district.

In its original brief, the plaintiff argues that the existence of a benefit is an indispensable element to the validity of these proceedings and that, unless it appears that the benefits will exceed the cost, the district cannot be organized, and cites in

support of its contention *Kewaunee, G. B. & W. R. Co. v. Brown County F. D. Dist.* (1924) 184 Wis. 448, 199 N. W. 378. That case arose under ch. 88, Stats. 1923.

Sec. 88.07, Stats. 1923, provided: "(1) If on such hearing the court shall find (a) . . . (b) . . . (c) . . . (d) that the benefits from such proposed work will exceed the cost of construction, the court shall make an order organizing such 'drainage' [district] and direct the board to proceed with all convenient speed."

Inasmuch as there is no comparable provision in secs. 60.30 to 60.309, inclusive, Stats., we do not understand why that case is cited to this court on the proposition involved in this case. The applicable statute in this case contains no provision that the benefits shall exceed the cost of construction. Counsel cite many cases relating to special assessments of various kinds. The matter of assessments has not been reached in the Fox River Heights Sanitary District proceeding.

However, there is language in *George Williams College v. Williams Bay* (1943), 242 Wis. 311, 7 N. W. (2d) 891, which was cited with approval in *Boden v. Lake* (1943), 244 Wis. 215, 12 N. W. (2d) 140, which supports counsel's contention if removed from its context. In view of the fact that the order of organization will be affirmed in this case and further proceedings undoubtedly will be had, we deem it our duty to discuss the *George Williams College Case* so far as it is applicable to proceedings under secs. 60.30 to 60.309, inclusive, Stats.

Sec. 60.309 (1), Stats., is as follows: "Special assessments for the purpose of carrying out the provisions and performing duties required under sections 60.30 to 60.309, inclusive, of the statutes, may be levied by the commissioners in the manner provided by subsections (9) and (10) of section 62.18 of the statutes, together with all subsequent amendments thereto.

Sec. 62.18 (9), Stats., provides: "Before any contract for work under this section, to be paid for in whole or in part

by the property to be benefited thereby shall have been entered into, the board of public works shall make an assessment against such property in the manner provided in this section.

"(a) *Linear foot.* All lots, parts of lots and parcels of land fronting or abutting on the work so contracted to be done on each side of the same for its whole length shall be assessed at an even rate not exceeding two dollars nor less than twenty-five cents per linear foot on each side of the street of the whole frontage of each lot," etc.

"(b) *On district.* 1. The cost of sewers in streets and alley crossings, the excess of the cost of sewers above the linear-foot assessment made pursuant to paragraph (a), of manholes, lampholes, flush tanks, and of temporary work in connection with the construction of the sewers in the district shall be assessed justly and equitably upon the lots and parcels of land *intended to be benefited thereby in proportion to the benefits which will accrue to each lot or parcel of real estate.* 2. The cost of constructing intercepting sewers, force mains and pumping station may be assessed in whole or in part against the lots and parcels of land in the sewerage district in the manner provided in this paragraph, or be charged in whole or in part against the city at large." (3. Recapture of previous costs not material here.)

In the *George Williams College Case, supra,* it was held that—

"It might be possible to construe sec. 62.18 (9) (b) 1, Stats., as appellant contends so that it would be taken to mean that the full cost of the construction should be borne by the lot owners, regardless of benefit, in the proportion determined by the relative benefits, but the reasons which led the court to hold part of sec. 61.42, involved in *Armory Realty Co. v. Olsen,* 210 Wis. 281, 299, 246 N. W. 513, constitutional apply with equal force here." (p. 319.)

Inasmuch as secs. 62.18 (9) (b) 1 and 61.42, Stats., specifically require the assessment to be in proportion to benefits, these cases do not support plaintiff's contention.

It is said in the *George Williams College Case, supra:*

"It is true that the statute before us here is phrased 'shall be assessed,' but very often 'shall' in a statute is construed to

mean 'may,' especially in order to avoid a constitutional doubt." (p. 319.)

There is no constitutional doubt as to the validity of sec. 62.18 (9) (a), Stats., which provides for a linear-foot assessment.

In the first place, secs. 60.30 to 60.309, inclusive, Stats., authorize the organization of sanitary districts in the exercise of the police power. In their brief on reargument counsel say there is no question but what the legislature could have provided for the organization of a sanitary district through the exercise of its police power, citing *Chicago, M. & St. P. R. Co. v. Janesville* (1908), 137 Wis. 7, 11, 12, 118 N. W. 182. In that case, the court, speaking of the linear-foot assessment for the construction of a sewer, said:

"So the contention becomes primarily a contention against the validity of the law, and, if the law be valid, the assessments themselves are valid because they were made in accordance with the terms of the law. This court has held that, where assessments for local improvement are required to be made according to the benefits accruing to each parcel, an assessment of a level rate by the front-foot rule, while not necessarily void, will be held invalid, unless it appears that the assessing board has considered the matter and determined that the benefits are in fact proportionate to the frontage of each parcel." (Citing cases.)

"The preservation of public health from danger resulting from the accumulation of sewage upon private property in cities is fully as persuasive a justification for the exercise of the police power as the preservation of life and limb from the dangers resulting from defective or snow-covered sidewalks. So far as this court has spoken on the subject it has sustained the right to make sewerage assessments upon the front-foot rule without regard to the extent of benefits."

This case has never been overruled or modified. See also *Meggett v. Eau Claire* (1892), 81 Wis. 326, 51 N. W. 566; *Blount v. Janesville* (1872), 31 Wis. 648; *French v. Barber*

*Asphalt Paving Co.* (1901) 181 U. S. 324, 21 Sup. Ct. 625, 45 L. Ed. 879.

However, counsel say—

"Whether the proceeding is under one power or the other or all three impresses us as being of no real concern in this case because the legislature made it abundantly clear that the existence of benefit to each piece of property included is jurisdictional."

In making this statement counsel depart from the clear language of the statute. Sec. 60.303 (3), Stats., provides that if upon the hearing it shall appear to the town board that—

*"the property to be included in the district will be benefited by the establishment thereof, the town board, by formal order, shall declare its findings,"* etc.

As already stated, the trial court in effect found and it appears from the undisputed evidence that the property of the plaintiff will be benefited. The fact that the plaintiff has constructed disposal works of its own, and that it may not presently have use for the sanitary sewer, does not prevent a benefit from accruing to the property, even if the construction of the sewer should affect the plaintiff's profit and loss account adversely. All the cases cited by counsel deal with assessments and not with proceedings to organize districts. If the property of plaintiff will not be benefited it would not have been necessary for the plaintiff to prove its share of the cost of construction and other matters of like kind in an effort to offset the benefits.

The town board having in all respects complied with the provisions of secs. 60.30 to 60.309, inclusive, Stats., and it appearing that the property of the district will be benefited, the order of the town board establishing the district should have been affirmed.

*By the Court.*—The judgment appealed from is reversed, and cause remanded with directions to affirm the order sought to be set aside.