FORT HOWARD PAPER COMPANY, Appellant, vs. TOWN
BOARD OF ASHWAUBENON and another, Respondents.*

*February 3—March 2, 1954.*

* Motion for hearing denied, with $25 costs, on May 4, 1954.

For the appellant there were briefs by *Lines, Spooner & Quarles* of Milwaukee, and *Everson, Ryan, Whitney & O'Melia* of Green Bay, attorneys, and *Maxwell H. Herriott* of Milwaukee, *John C. Whitney* of Green Bay, and *William*

*K. McKibbage* of Milwaukee of counsel, and oral argument by *Mr. Herriott.*

For the respondents there was a brief by *Davis, Soquet & Davis* of Green Bay, and oral argument by *Donald E. Soquet.*

FAIRCHILD, C. J.   In seeking a reversal of the judgment, appellant first raises the question of the constitutionality of secs. 60.30 to 60.309, Stats.   It is urged by appellant that those statutes constitute an unconstitutional delegation of legislative·power by creating opportunity for a district to "benefit to the extent it evaded the constitutional debt limitation" of sec. 3, art. XI of the Wisconsin constitution, which limits the indebtedness of any municipal corporation to five per cent of the value of its taxable property.   Using as a precedent the case of *Fort Howard Paper Co. v. Fox River Heights Sanitary Dist.* 250 Wis. 145, 26 N. W. (2d) 661, we agree with the trial court that "It appears to be well settled that in the creation of a sanitary district by a town board there is a permissible delegation of legislative police power."   Appellant argues that the town of Ashwaubenon already had the power to act in the matter sought to be vested in the newly created storm-sewer district of the town of Ashwaubenon, that, therefore, the establishment of the all-town district was not necessary, and that a town sanitary district the boundaries of which are coterminous with the township cannot be lawfully created because it is an invalid duplication of municipal corporations by means of which the constitutional debt limit may be evaded.

In replying to this argument, the following statutes must be considered.   Sec. 60.30 (2), Stats., says that town sanitary districts may be created "in any town, towns, or part thereof."   Sec. 67.03 (1) grants the power to a municipal corporation, such as a sanitary-sewer district, to borrow money and issue municipal obligations therefor.   In sec.

67.03 (2) we find the provision that the amount of the indebtedness of a municipal corporation shall be only such "as has been or may be incurred independently by a municipality for its own separate purposes; and does not include any indebtedness, in whole or in part, that has been or may be incurred independently by any other municipality for its own separate purposes, even though the territory and taxable property of either municipality constitutes the whole or a part of the territory and taxable property of the other." Thus sec. 67.03 expressly permits a town sanitary district to incur indebtedness up to five per cent of the assessed value of its taxable property for its own purposes, and the town, having the same boundaries, may also incur indebtedness for town purposes not exceeding five per cent of the assessed value of the same property. *Lippert v. School District,* 187 Wis. 154, 203 N. W. 940. In the instant case there can be no valid claim that the town sanitary district was created for the purpose of evading the constitutionally imposed debt limit. Therefore, when the power to create town districts and the power to borrow money and issue municipal obligations is used in strict conformity with legislative standards prescribed in the statutes, there can be no unconstitutional delegation of power.

The question next raised is whether secs. 60.30 to 60.306, Stats., authorized the town board of Ashwaubenon to establish the storm-sewer district of the town of Ashwaubenon if said district, though organized for the installation of storm sewers only, includes within its boundary other sanitary districts previously created under the same statutes for installation of sanitary sewers. Appellant contends that, because of the presence of such previously created districts, the new town-wide storm-sewer district of the town of Ashwaubenon may not be created or thus be imposed upon the sanitary districts created earlier. In 1941 the Southeast Sanitary District

of the town of Ashwaubenon was created by order of the town board of the town of Ashwaubenon; and in June, 1945, the Fox River Heights District was formed by order of said town board.

Secs. 60.30 (1) and 60.306 (2), Stats., recognize the need for and make provision for the creation at different times of sanitary districts to install and maintain different improvements. Sec. 60.30 (1) says that "Town sanitary districts may be created for the purpose of purchasing, establishing, or constructing surface or storm-water sewers, drainage improvements, sanitary sewers, or a system or systems of waterworks, sewerage, garbage or refuse disposal *or all of such improvements or any combination thereof,* . . ." Sec. 60.306 (2) reads:

"The commission shall project, plan, construct, and maintain in such district a system or systems of waterworks, garbage, or refuse disposal or sewerage, including sanitary sewers, surface sewers, or storm-water sewers, provide chemical treatment of waters for the suppression of swimmer's itch, algae, and other nuisance-producing aquatic growths, *or all of such improvements or any combination thereof* necessary for the promotion of the public health, comfort, convenience, or public welfare of such district, and such commission is authorized to enter into contracts and take any or all proceedings necessary to carry out such powers and duties."

The word "shall" as used in the above section does not require a district to enter upon a plan to furnish all and every one of the improvements; but, as the trial court stated, that section must stand *in pari materia* with sec. 60.30 (1), Stats., which allows sanitary districts to be created for the purpose of "purchasing, establishing, or constructing surface or storm-water sewers, drainage improvements, sanitary sewers, or a system or systems of waterworks, sewerage, garbage

or refuse disposal or all of such improvements or any combination thereof. . . ."

It appears from the record that neither of the previously organized districts has ever acted upon or exercised the power of installing storm-water sewers. There is, then, no actual conflict between any previously created district and the new, town-wide district of the respondent here. The petition addressed to the town board proposing an all-town district was signed by 60 per cent of the landowners of the town (215 out of a total of 345). The signers asked that the sanitary district be created and be limited to a single purpose, that of installing storm sewers. Thus created, the new sanitary district does not interfere with the previously organized town sanitary districts which have no storm sewers.

When the legislature employed the term "purchasing" in sec. 60.30 (1), Stats., it undoubtedly had in mind that there might be situations in which some of the facilities, for which a district might be organized to provide, already existed, in which case the newly created district was empowered to purchase the same. Therefore, if a town-wide district is organized, and there is already in existence one or more sanitary districts embracing only part of a town, the town-wide district is empowered to purchase the existing facilities. This being true, it must follow that the statutes do not prevent the creation of a larger sanitary district in territory where a smaller sanitary district has been organized, as in the instant case, provided there will be no conflicting interests.

We are of the opinion that the town board was entitled to consider "the location of the town's farmlands as respects the nearness of centers of population; the rapidly changing means of locomotion to automobiles, leading industries as well as retail establishments to build in places where ample parking space for employees and customers may be provided; recent construction; purchases of real estate and the purposes

for such purchases; the probable effect upon the community of new Highway 41; the growth of Green Bay and the metropolitan area it centers; and what the town of Allouez did to solve a fairly comparable problem. The board was not required to make a record of all the things its members would naturally know and which would influence their judgment."

In considering the events before it and deciding to grant the petition, the town board had in mind that all of the property of the new district was within the same watershed and that there was occasion for the board to conclude and find, as it did, that all of the property to be included in the new district would be benefited by the establishment of that district. We agree with the trial court that the statutes under which the town board acted are constitutional, that the town board proceeded in accordance with the provision of the law and within its jurisdiction, that the findings of fact were made upon sufficient evidence, and that the board in creating the storm-sewer district of Ashwaubenon did not act arbitrarily, capriciously, or oppressively. It is considered that the judgment should be affirmed.

*By the Court.*—Judgment affirmed.