L.P. VOIGT, Secretary, Department of Natural Resources *Page 432 
You have requested my opinion concerning the authority of a town sanitary district formed under chapter 60 of the statutes. Specifically, you inquire whether such district is limited in its authority pursuant to and by the terms of the petition and notice of hearing for its creation or whether it is limited only by the town board order creating such district.
The answer to your question is that the town board order creating the town sanitary district is the only instrument which determines the limits of the district's authority within the purview of ch. 60, Stats. In answering your question, I have considered the fact that, in the case of one such district, a petition and notice of hearing requesting the formation of a town sanitary district for a single purpose resulted in the issuance of a town board order creating a district "for the purpose of carrying out the provisions of secs. 60.30 to 60.316 inclusive. * * *"
It is necessary to understand that the creation of a town sanitary district pursuant to the provisions of ch. 60, Stats., is a legislative function delegated to the town board. FortHoward Paper Co. v. Fox River Heights S. Dist. (1947), 250 Wis. 145,150, 26 N.W.2d 661. This delegated power is set forth in sec. 60.303 (3), Stats., which states:
"Upon the hearing, if it shall appear to the town board after consideration of all objections, that the petition is signed by the requisite owners of real estate * * *, and that the proposed work is necessary, and that the public health, comfort, convenience, necessity or public welfare will be promoted by the establishment of such district, and the property to be included in the district will be benefited by the establishment thereof, the town board, by formal order, shall declare its findings and shall establish the boundaries and shall declare the district organized and give it a corporate name by which in all proceedings it shall thereafter be known, and thereupon the district shall be a body corporate with the powers of a municipal corporation for the purposes of carrying out the provisions ofsections 60.30 to 60.309." (Emphasis supplied.)
In Fort Howard Paper Co. v. Town Board (1954), 266 Wis. 191,63 N.W.2d 122, the court held that the above-emphasized language did not prohibit the town board from restricting the *Page 433 
power of the district to engage in but one or some limited number of purposes for which such districts may be organized. The reverse would seem axiomatic. Once the district is determined necessary, it would appear to be a political matter as to whether such district should be given power to engage in all activities authorized by ch. 60, Stats., or whether it should be limited by the order to engage in but one or some limited number of such activities.
As pointed out in the Fort Howard Paper Co. v. Town Board case, (266 Wis. 191), by limiting the authority of each district to particular purposes, it is possible to create a multiplicity of such districts, each with its own authority to tax, impose special assessments and to borrow money. Whether such multiplicity of districts are to be authorized or not is within the sound discretion of the town board. In acting upon the petition, "it must be presumed that the town board acted upon sufficient evidence to sustain its findings. * * *" Fort HowardPaper Co. v. Fox River Heights S. Dist., 250 Wis. 145, 150.
Since the district was organized without any limitation on its authority in the town board order, it may exercise all those powers contained in the pertinent sections of ch. 60, Stats. An administrative agency may neither enlarge nor limit its own power. Clintonville Transfer Line v. Public Service Comm. (1945),248 Wis. 59, 71, 21 N.W.2d 5. No limit having been placed by the town board upon the activities in which the district may engage, it is authorized to construct, operate and maintain "a system or systems of waterworks, garbage or refuse disposal or sewerage, including sanitary sewers, surface sewers or storm water sewers, provide for sewage collection, provide chemical treatment of waters for the suppression of swimmers itch, algae and other nuisance-producing aquatic growths, or all of such improvements or any combination thereof necessary for the promotion of the public health, comfort, convenience or public welfare of such district. * * *" Sec. 60.306, Stats.
In Fort Howard Paper Co. v. Ashwaubenon (1960), 9 Wis.2d 329,100 N.W.2d 915, the court said at p. 332: *Page 434 
"Sanitary districts serve a vital public function. Facilities for the supply of water, for drainage and the disposal of sewage, garbage, and refuse, etc, promote and safeguard public health and comfort. Where population is concentrated such facilities and services are essential to the welfare of the public, and the town sanitary-district laws are designed to provide the people in such an area with the means to fulfil [fulfill] those needs. As such population centers expand and the surrounding areas change in character from rural to urban, the need for sanitary-district facilities correspondingly expands."
In carrying out its assigned duties, the district commissioners shall determine what functions are "necessary" (absent an order issued by the Department of Natural Resources to the district pursuant to sec. 144.025, Stats.) for the promotion of the public health, etc. Such a determination is a legislative determination assigned to the commissioners when so authorized by the town board order. In re City of Beloit (1968), 37 Wis.2d 637, 644,155 N.W.2d 633.
It is my conclusion that the sanitary district you have described would have authority to engage in any activity authorized by ch. 60, Stats., when in its sole discretion any such activity was necessary to promote the public health, comfort, convenience or public welfare of the district. It is the order of the town board, in conjunction with the provisions of ch. 60, Stats., that determine the authority of any town sanitary district.
RWW:RBM