260 Wis.2d 238 (2003)
2003 WI App 26
659 N.W.2d 66
Arthur T. DONALDSON, Plaintiff-Respondent,[]
v.
BOARD OF COMMISSIONERS OF ROCK-KOSHKONONG LAKE DISTRICT, Defendant-Appellant.
No. 01-3396.
Court of Appeals of Wisconsin.
Submitted on briefs May 13, 2002.
Decided January 16, 2003.
*239 On behalf of the defendant-appellant, the cause was submitted on the briefs of William P. O'Connor and Mary Beth Peranteau of Wheeler, Van Sickle & Anderson, S.C., Madison.
On behalf of the plaintiff-respondent, the cause was submitted on the brief of David C. Moore of Nowlan & Mouat, LLP, Janesville.
*240 Before Vergeront, P.J., Deininger and Lundsten, JJ.
¶ 1. LUNDSTEN, J.
The Board of Commissioners of the Rock-Koshkonong Lake District (Lake District Board) appeals a judgment by the circuit court reversing the Lake District Board's decision to deny Donaldson's petition to detach his land from the Rock-Koshkonong Lake District (Lake District). The Lake District Board argues that Donaldson's failure to demonstrate a change in circumstance relating to his property precludes detachment of his property from the Lake District. We agree that the Board properly denied detachment because Donaldson failed to demonstrate a change in circumstance. Accordingly, we reverse the judgment of the circuit court.[1]

Background
¶ 2. On June 10, 1999, after a public hearing, the Rock County Board of Supervisors created the Lake District. The Lake District constitutes a public inland lake protection and rehabilitation district under WIS. STAT. § 33.21 et seq. (1999-2000).[2] In creating the Lake District, the county board found that "[t]he property included in the district will be benefited by the district's establishment." The Lake District is managed by the Lake District Board. Donaldson owns two parcels of land in the Lake District.
*241 ¶ 3. About a year and a half after the creation of the Lake District, Donaldson petitioned the Lake District Board for detachment of his properties pursuant to WIS. STAT. § 33.33(3). The Lake District Board held a public hearing on Donaldson's petition. At the hearing, Donaldson testified that there had been no change in circumstance relating to his property since the time the county board created the Lake District, but also presented evidence that his properties did not benefit from inclusion in the District. On March 13, 2001, the Lake District Board denied the petition finding, among other things, that there was no evidence that the circumstance of Donaldson's property had changed.
¶ 4. Donaldson sought judicial review by filing a summons and complaint with the circuit court. The circuit court granted judgment in favor of Donaldson directing that Donaldson's properties be detached from the Lake District.

Discussion
¶ 5. Before addressing the parties' arguments, we provide context by setting forth the procedure by which a county board may create a lake district and the procedure to detach property from a lake district. The creation of a lake district is initiated by the preparation of a petition requesting its establishment and indicating its proposed boundaries. WIS. STAT. § 33.25(1) and (2)(d).[3] If at least fifty-one percent of the landowners in *242 the proposed district sign the petition, the county board must hold a hearing within thirty days, appoint a committee to conduct the hearing, notify by mail all landowners in the proposed district of the hearing, and publish a notice of the hearing in a paper of general circulation in the proposed district. WIS. STAT. §§ 33.26(1) and (2), 33.25(1).[4]
*243 ¶ 6. Prior to the date set for the hearing, "[a]ny person wishing to object to the organization of such district may ... file objections to the formation of such district with the county clerk." WIS. STAT. § 33.26(1). When the hearing is held, "all interested persons may offer objections, criticisms or suggestions as to the necessity of the proposed district as outlined and to the question of whether their property will be benefited by the establishment of such district." Id.
¶ 7. The county board must consider the committee's report and "any other evidence submitted to the board." WIS. STAT. § 33.26(3). The statute specifies the findings the county board must make in order to create a lake district. The board must find that:
(1) "the petition is signed by the requisite owners as provided in s. 33.25,"
(2) "the proposed district is necessary,"

*244 (3) "the public health, comfort, convenience, necessity or public welfare will be promoted by the establishment of the district,"
(4) "the property to be included in the district will be benefited by the establishment thereof," and
(5) "formation of the proposed district will not cause or contribute to long-range environmental pollution as defined in s. 299.01 (4)."
Id. If these findings are made, the county board "by order, shall declare its findings, shall establish the boundaries and shall declare the district organized and give it a corporate name by which it shall be known." Id. The county board must also create a lake district board to govern the district. WIS. STAT. § 33.27.
¶ 8. Pursuant to WIS. STAT. § 33.26(7), persons aggrieved by the county board's decision to create a lake district may petition the circuit court for judicial review by submitting a verified petition, within thirty days, that specifies the grounds upon which the appeal is based.
¶ 9. WISCONSIN STAT. § 33.33(3) provides a mechanism for detachment. Under that statute, landowners may petition the board of commissioners to detach their land from the district.[5] Land may be detached from the district if the board of commissioners finds that the *245 land "is not benefited by continued inclusion in the district." Id. Landowners who disagree with the board of commissioners' ruling may petition the circuit court for judicial review, pursuant to the same procedure used to appeal the county board's initial decision to create or not create the lake district in WIS. STAT. § 33.26(7). WIS. STAT. § 33.33(3).
[1]
¶ 10. Because the parties agree that an action under WIS. STAT. § 33.26(7) seeking judicial review is an action in certiorari, the standard of review we employ is not in dispute. As in Nielsen v. Waukesha County Board of Supervisors, 178 Wis. 2d 498, 504 N.W.2d 621 (Ct. App. 1993), we do not determine whether the statute's "failure to speak in certiorari terms might make the scope of judicial review different than that contemplated by statutory certiorari" and we "conduct our review under statutory certiorari principles because that is the manner in which the parties brought the case to the trial court and further bring the matter to us." Id. at 510-11. That standard is as follows:
When reviewing a decision by statutory certiorari, we accord a presumption of correctness and validity to the decision of the board or agency. Our inquiry is limited to whether: (1) the board kept within its jurisdiction; (2) the board proceeded on a correct theory of law; (3) the board's action was arbitrary, oppressive or unreasonable and represented its will and not its judgment; and (4) the evidence was such that the board might reasonably make the order or determination in question.
Id. at 511 (citations omitted).[6] Because we conclude that item (2) abovewhether the Lake District Board's *246 denial was based on a correct theory of lawis dispositive, we need not address the other three factors.
¶ 11. When creating a lake district, a county board must, among other things, find "that the property to be included in the district will be benefited by the establishment thereof." WIS. STAT. § 33.26(3) (emphasis supplied). After the creation of a lake district, a property owner may seek detachment. The standard for detachment is found in WIS. STAT. § 33.33(3): "Proposals for detachment shall be considered by the commissioners, and territory may be detached upon a finding that such territory is not benefited by continued inclusion in the district." (Emphasis supplied.)
[2]
¶ 12. The parties dispute whether the term "benefited" has the same meaning in both the lake district creation statute, WIS. STAT. § 33.26(3), and the detachment statute, WIS. STAT. § 33.33(3). The Lake District Board reasons that Donaldson's opportunity to challenge whether his property was properly included in the District is governed by § 33.26, and because Donaldson failed to avail himself of that opportunity, he must now demonstrate a change in circumstance showing he is no longer "benefited," using the same definition of "benefited" used by the county board when the Lake District was created. Therefore, the Lake District Board argues, it followed a correct theory of law by concluding that Donaldson cannot detach his property because he failed to demonstrate a change in circumstance. Donaldson contends that the Lake District Board misapplied the law because the word "benefited" in the detachment *247 statute has a different meaning than in the lake district creation statute and he did not have to show a change in circumstance. Since there is agreement that Donaldson did not demonstrate a change in circumstance, the resolution of this dispute hinges on whether "benefited" in § 33.26(3) has the same meaning as "benefited" in § 33.33(3). We conclude that it does.
[3, 4]
¶ 13. The proper construction of a statute is a question of law, which we review without deference to the circuit court. DeMars v. LaPour, 123 Wis. 2d 366, 370, 366 N.W.2d 891 (1985).[7] We find guidance in the following rule of statutory construction: words appearing multiple times in the same statute are given the same meaning unless the context clearly requires a different meaning. State v. Polashek, 2001 WI App 130, ¶ 25, 246 Wis. 2d 627, 630 N.W.2d 545, rev'd on other grounds, 2002 WI 74, 253 Wis. 2d 527, 646 N.W.2d 330; Wilson v. Waukesha County, 157 Wis. 2d 790, 796, 460 N.W.2d 830 (Ct. App. 1990). The reasoning behind this rule applies with full force to the statutes before us. Although WIS. STAT. §§ 33.26 and 33.33 are not the "same statute," they are both in Subchapter IV of Chapter 33 entitled "Public Inland Lake Protection and Rehabilitation Districts." All statutes within this subchapter deal with the creation, operation, financing, alteration, and dissolution of such districts.[8] Thus, *248 Subchapter IV is the equivalent of a single statute and we will treat it as such for purposes of construing the word "benefit." It follows that the word "benefited" has the same meaning in both § 33.26(3) and § 33.33(3), unless the context clearly requires a different meaning.
¶ 14. Donaldson contends that Fort Howard Paper Co. v. Fox River Heights Sanitary District, 250 Wis. 145, 26 N.W.2d 661 (1947), compels the conclusion that "benefited" has different meanings in the lake district creation statute, WIS. STAT. § 33.26(3), and the detachment statute, WIS. STAT. § 33.33(3). The Fort Howard court construed language authorizing the creation of a sanitary district under WIS. STAT. § 60.303(3) (1945). The pertinent language examined in Fort Howard (that "the property to be included in the district will be benefited by the establishment thereof") is the same as language in § 33.26(3) authorizing the creation of a lake district. According to Donaldson, the court in Fort Howard held, in the context of the creation of a district, that the term "benefited" does not require that each parcel within the district be benefited. Rather, the question is whether "the property within the boundaries of the proposed district as a whole will be benefited." Fort Howard, 250 Wis. at 152. Therefore, Donaldson reasons, challengers to the formation of both sanitation districts and lake districts cannot succeed by showing that the specific land they own in a proposed district will not benefit. Under Donaldson's interpretation of Fort Howard, parcel-specific benefit is only an issue in the context of detachment. Although isolated statements in Fort Howard could be read to support *249 such a view, the entire decision reveals that "benefited" refers to all parcels of land within a proposed district at the time of formation.
¶ 15. That "benefited" at the time of formation applies to all parcels of land within a proposed district is evident from the following passage:
If the town board finds that the property within the boundaries of the proposed district as a whole will be benefited then the district is to be organized. For example, if some parcel of land was included in the proposed district which lay out of the watershed and could not be served by the proposed improvement, manifestly a property so situated could not be benefited. If all the property within the boundaries of the proposed district is in the watershed and the proposed improvement may serve it, then the property of the district as a whole is benefited and the town board if it makes the other necessary finding may organize the district.
Id. Stated differently, a finding that a district as a whole is "benefited" will stand unless some parcel in the district is not benefited by inclusion. This reading of Fort Howard is further supported by the subsequent discussion of the particular facts in that case and the supreme court's conclusion: "it appears from the undisputed evidence that the property of the plaintiff will be benefited." Id. at 157. If benefit to the individual parcel at issue in Fort Howard was irrelevant, the supreme court would not have explained why the parcel was benefited.
¶ 16. Donaldson argues that requiring a change in circumstance contravenes the language of WIS. STAT. § 33.33(3). That statute asks whether the property is "not benefited by continued inclusion in the district." In Donaldson's view, if the legislature had wanted to *250 require a change in circumstance, then § 33.33(3) would read: "no longer benefited by inclusion in the district." We disagree. Although the legislature could have used the phrase "no longer benefited," nothing about the phrase "not benefited by continued inclusion" suggests a different definition of "benefited" in the two statutes: § 33.26(3) and § 33.33(3).
¶ 17. Donaldson contends that using the same "benefited" standard in both statutes produces a harsh result plainly not intended by the legislature. Donaldson observes that landowners have only thirty days from the creation of a lake district to appeal the county board's decision. He argues this is unreasonable because a county board's initial decision to create a lake district may lack specific findings concerning a landowner's specific circumstances and, therefore, there is no pertinent record regarding the specific parcel for judicial review. Donaldson contends that "[o]nly by bringing a specific petition for detachment [would he be able to] create such a record in the context of a hearing about his land."
¶ 18. Donaldson's argument is based on the assumption that the initial creation of a lake district is based on broad policy determinations and not on determinations that individual parcels within the district will benefit from inclusion. Donaldson reasons that "benefited" has a general, non-parcel-specific meaning in the lake district creation statute, WIS. STAT. § 33.26(3), whereas "benefited" has a parcel-specific meaning in the detachment statute, WIS. STAT. § 33.33(3). Donaldson's argument is belied by the plain language of the statutes.
¶ 19. Under WIS. STAT. § 33.26(3), a county board must find that "the property to be included in the district will be benefited by the establishment thereof." *251 This requirement necessarily extends to all properties within the district. Furthermore, property owners in the proposed district have the right to attend the hearing and "offer objections, criticisms or suggestions as ... to the question of whether [their] property will be benefited by the establishment of such district." WIS. STAT. § 33.26(1). If the record produced does not support a finding that a particular property is benefited by inclusion, then the owner of the property would presumably prevail in an action under § 33.26(7).
¶ 20. In effect, Donaldson is attempting to challenge the county board's decision that his property benefited from inclusion in the District by appealing to the Lake District Board. Donaldson's testimony before the Lake District Board is telling:
[LAKE DISTRICT BOARD]: [H]as anything changed since Rock County passed the resolution forming the lake district ... or did they make a mistake back then when they formed this lake district?
MR. DONALDSON: I think they made a mistake back then because it was farm land when I bought it and I've owned it for a number of years and it's still farm land, but I don't intend to do anything else with it other than farm land.
[LAKE DISTRICT BOARD]: So there haven't been any changes in the conditions of the property since then?
MR. DONALDSON: No.
Donaldson had an opportunity to challenge the initial inclusion of his property in the Lake District. WISCONSIN STAT. § 33.26(7) is the exclusive means by which to challenge the county board's decision to create a lake district. See Ross v. Honey Lake Prot. & Rehab. Dist., *252 166 Wis. 2d 739, 746, 480 N.W.2d 795 (Ct. App. 1992) (holding that the remedy in § 33.26(7) provides the exclusive judicial remedy for actions challenging the creation of a lake district under WIS. STAT. § 33.24). Enabling landowners to challenge the county board's determination that their property is benefited by inclusion in the district by petitioning the board of commissioners under WIS. STAT. § 33.33(3) would effectively negate the timeline in § 33.26(7), thereby nullifying the legislature's intent to limit the time to challenge inclusion in the district.
[5]
¶ 21. Our review finds nothing in the text of Subchapter IV suggesting that the word "benefited" has one meaning at the time of the creation of a lake district and a different meaning after creation. Because "benefited" has the same meaning in the detachment statute, WIS. STAT. § 33.33(3), that it has in the statute authorizing district creation, WIS. STAT. § 33.26(3), Donaldson's petition for detachment was properly denied on the basis that he failed to show a change in circumstance.[9]
¶ 22. Therefore, we reverse the decision of the circuit court and remand for the entry of an order affirming the decision of the Lake District Board.
By the Court.Judgment reversed and cause remanded with directions.
NOTES
[] Petition to review granted.
[1] The Lake District Board also complains that Donaldson did not file a properly verified complaint and that Donaldson's summons and complaint were insufficient to initiate an action in certiorari. Because we reverse on the merits, we need not decide these procedural issues.
[2] All references to the Wisconsin Statutes are to the 1999-2000 version unless otherwise noted.
[3] WISCONSIN STAT. § 33.25 states, in relevant part:

(1) ... (a) Before a county board may establish a district under s. 33.235 or 33.24, a petition requesting establishment shall be filed with the county clerk, addressed to the board and signed by persons constituting 51% of the landowners or the owners of 51% of the lands within the proposed district....
....
(2) CONTENTS. The petition shall set forth:
....
(d) The boundaries of the territory to be included in the proposed district.
[4] WISCONSIN STAT. § 33.26 states, in relevant part:

(1) Upon receipt of the petition the county board shall arrange a hearing to be held not later than 30 days from the date of presentation of the petition, and shall appoint a committee to conduct the hearing. At the hearing all interested persons may offer objections, criticisms or suggestions as to the necessity of the proposed district as outlined and to the question of whether their property will be benefited by the establishment of such district. Any person wishing to object to the organization of such district may, before the date set for the hearing, file objections to the formation of such district with the county clerk.
(2) Notice announcing the hearing and stating the boundaries of the proposed district shall be published in a paper of general circulation in the county in which the proposed district is located as a class 1 notice, under ch. 985, and shall be mailed by the county board to the last-known address of each landowner within the proposed district.
(3) The committee shall report to the county board within 3 months after the date of the hearing. Within 6 months after the date of the hearing, the board shall issue its order under this subsection. If the board finds, after consideration of the committee's report and any other evidence submitted to the board, that the petition is signed by the requisite owners as provided in s. 33.25, that the proposed district is necessary, that the public health, comfort, convenience, necessity or public welfare will be promoted by the establishment of the district, that the property to be included in the district will be benefited by the establishment thereof, and that formation of the proposed district will not cause or contribute to long-range environmental pollution as defined in s. 299.01 (4), the board, by order, shall declare its findings, shall establish the boundaries and shall declare the district organized and give it a corporate name by which it shall be known. Thereupon the district shall be a body corporate with the powers of a municipal corporation for the purposes of carrying out this chapter. If the board does not so find, the board, by order, shall declare its findings and deny the petition.
....
(7) Any person aggrieved by the action of the board may petition the circuit court for judicial review. A verified petition shall be presented to the court not more than 30 days after the decision of the board, and shall specify the grounds upon which the appeal is based.
[5] WISCONSIN STAT. § 33.33(3) provides:

DETACHMENT. Territory may be detached from the district following petition of the owner or motion of the commissioners. Proposals for detachment shall be considered by the commissioners, and territory may be detached upon a finding that such territory is not benefited by continued inclusion in the district. Appeals of the commissioners' decision may be taken under s. 33.26 (7).
[6] We note that the circuit court addressed the issue in the context of summary judgment. We question whether summary judgment is appropriate in the context of a certiorari review. In any event, this action has been presented to this court in the form of a certiorari review, and we treat it as such.
[7] The parties do not discuss whether we should defer to any express or implicit construction of the statute by the Lake District Board. Because we employ a de novo standard, the standard most favorable to Donaldson, we need not address this question.
[8] The single exception in Subchapter IV does not undercut our analysis. WISCONSIN STAT. § 33.235 authorizes the conversion of a sanitary district to a restructured district governed by Subchapter IV of Chapter 33. This provision simply permits a sanitary district to merge with a lake district or assume the duties of a lake district.
[9] The Lake District Board also found that Donaldson's property benefited from inclusion in the District. We need not address this finding because of our conclusion that Donaldson was required to show a change in circumstance and has failed to do so.