ESTATE OF FREDERICK: DUNN and others, Appellants, vs.
   WIEMAN REALTY COMPANY, Defendant: DEPART-
   MENT OF TAXATION, Respondent.

*May 17—June 15, 1945.*

For the appellants there was a brief by *John P. McGalloway*, attorney for Claire L. Dunn, Anna A. Penniwell, Marie B. Peasley, and Janie Marie Macloglin, concurred in by *Foster, McLeod & Foster*, attorneys for the Wieman Realty Company, all of Fond du Lac, and oral argument by *Mr. McGalloway* and *Mr. Fred A. Foster*.

For the respondent there was a brief by the *Attorney General, Harold H. Persons*, assistant attorney general, and *Neil Conway*, inheritance tax counsel, and oral argument by *Mr. Persons* and *Mr. Conway*.

MARTIN, J. The facts are not in dispute. Jane R. A. Frederick died intestate at the city of Los Angeles, California, on June 16, 1903. She was a resident of said city at her death, and owned the real estate in the city of Fond du Lac involved in this appeal. She left surviving her husband, Charles L. Frederick, and four daughters, Claire L. Dunn, Janie A. Vandeveer, Marie B. Peasley, and Anna A. Penniwell, all of whom were residents of the state of California.

There have never been any proceedings in Wisconsin in administration of the estate of said deceased. In a proceeding in the county court of Fond du Lac county upon a petition dated June 24, 1930, by the Community Investment Company as the then owner of the real estate here involved, for a certificate of descent or heirship of the real estate of the deceased, it appears that her heirs conveyed the property in July, 1921, to a predecessor in title of the Community Investment Company. The latter acquired title in March, 1930. Notice of said heirship proceedings was mailed to decedent's heirs and published in a Fond du Lac newspaper. No notice was given to the state of Wisconsin, any department thereof, or to any tax official of the state. The petition did not men-

tion or seek a determination of the inheritance tax, and no proof was taken at the hearing as to the value of the property. The order or certificate of descent entered included a recital that no inheritance tax was payable upon the descent of the property to decedent's heirs.

On November 6, 1944, the Wieman Realty Company, present owner of the real estate, petitioned the county court to determine the inheritance tax due and payable upon the descent of said real estate. A hearing was had. The appellants, being the three daughters of the deceased who were still living and a granddaughter, the daughter and only heir at law of the other daughter, who survived the deceased but subsequently died intestate June 27, 1934, appeared and by their answer to the petition asserted that any inheritance tax payable because of the descent of the real estate upon the death of the deceased was barred and the lien thereof extinguished because of the statutes of limitation having run. The county court held that the inheritance tax payable upon the descent of decedent's real property in Wisconsin, and the determination and assessment thereof, were not barred by the statutes of limitation, and that the lien of such tax still exists.

Sec. 72.05 (1), Stats., provides that the tax shall be due and payable at the time of decedent's death, except as otherwise provided, and that "every such tax shall be and remain a lien upon the property transferred until paid, and the person to whom the property is transferred and the administrators, executors and trustees of every estate so transferred shall be personally liable for such tax until its payment." The provision quoted has remained the same since the enactment of ch. 44, Laws of 1903, providing for an inheritance tax.

Appellant argues that the statute "does not by its terms declare that no limitation shall apply." The language is clear and unambiguous. It not only states that a lien for the tax attaches to the property and that personal liability for

the tax is imposed, but expressly provides that such lien and personal liability "shall be and remain a lien upon the property transferred until paid." The lien and liability are discharged by payment of the tax.

Appellant argues, however, that at the time of Mrs. Frederick's death in 1903, sec. 330.28, Stats., was in effect, which, so far as here material, provided:

"Any other action in favor of the state, whether created by statute or otherwise, must be commenced within ten years after the cause of actions therefor has accrued."

Appellant therefore contends that an action in favor of the state, created by statute, accrued on June 16, 1903, the date of Mrs. Frederick's death, and that an action to enforce payment of the inheritance tax should have been commenced within ten years.

Sec. 330.28, Stats., was changed to sec. 330.18 (6) by ch. 79, Laws of 1931. Appellant argues that because ch. 79, Laws of 1931, repealed sec. 330.28 and then enacted sec. 330.18 (6) the latter is subsequent in time of enactment to sec. 72.05 (1) and therefore controlling. Sec. 330.18 (6) provides that any action in favor of the state is barred by the lapse of ten years when no other limitation is prescribed by the chapter. Sec. 72.05 (1) does conflict with sec. 330.18 (6). However, there is applicable the rule that special statutes take preference over general statutes. Sec. 72.05 (1) is the special statute dealing solely with inheritance taxes. Sec. 330.18 (6) is general in providing a limitation on actions generally. There is also applicable the rule that as between conflicting statutes the one last enacted has controlling effect. The provisions of sec. 330.18 (6) were in the statutes when the Inheritance Tax Act was enacted in 1903. Sec. 4229, Stats. 1898, later sec. 330.28 and changed to sec. 330.18 (6) by ch. 79, Laws of 1931, contained the provision relied upon by appellants, namely, the ten-year statute of limi-

tation on an action in favor of the state. Ch. 79, Laws of 1931, was a revisor's correctional bill. The revisor's note states:

"Subsection (6) is a transfer of part of section 330.28 which section is repealed."

There is also a revisor's note to sec. 38 of the bill, which became ch. 79, Laws of 1931, which reads as follows:

"Section 330.28 conflicts with sections 330.10, 330.19 (4), and 330.21 (1). Section 330.28 is the latest enactment and hence is the law. To harmonize the language of these provisions section 330.28 is repealed; and the changes which it produced are incorporated in the other sections by appropriate amendments."

The repeal of sec. 330.28 was a part of the rearrangement of the various limitation provisions by way of revision, which, by sec. 370.01 (49), made no change in the meaning. Sec. 370.01 (49) provides:

*"Construction of revised statutes.* A revised statute is to be understood in the same sense as the original unless the change in language indicates a different meaning so clearly as to preclude judicial construction. And where the revision bill contains a note which says that the meaning of the statute to which the note relates is not changed by the revision, the note is indicative of the legislative intent."

The late Justice OWEN, as attorney general, on June 11, 1915, rendered an opinion, IV Op. Atty. Gen. 490, on the question involved in the instant case. He there held that the general statutes of limitation do not apply to any proceedings instituted by the county or state for the purpose of collecting unpaid taxes imposed by the Inheritance Tax Act. After making reference to different provisions of the act, he said, page 491:

"From these provisions it may be fairly implied that nothing short of an actual payment of the tax will operate to discharge the lien on the property transferred or relieve the

person to whom the property is transferred, or the administrator, executor or trustee of every estate, from a personal liability. It may well be inferred that the legislature intended that, when the tax lien once attaches, nothing except payment should discharge it, and that all the remedies should remain open until the tax is paid or collected."

Appellant finally contends that the provisions of sec. 330.15, Stats. 1943, are applicable. As said statute existed prior to amendment by ch. 29, Laws of 1945, which took effect on April 10, 1945, it was inapplicable to inheritance taxes. By the 1945 amendment it is made applicable to inheritance, gift, and income tax liens. It is not contended that the amendment in any way affects the determination of the tax in the instant case.

It is our conclusion that sec. 72.05 (1), Stats., is controlling and prevails over sec. 330.18 (6).

*By the Court.*—Order affirmed.