MARKY INVESTMENT, INC., Plaintiff and Respondent, v. ARNEZEDER and another, Defendants and Respondents: RAUSCHENBERGER and others, Defendants and Appellants.

*November 1—November 28, 1961.*

78

For the appellants there was a brief by *Raskin, Zubrensky & Padden,* attorneys, and *Herbert S. Bratt* of counsel, all of Milwaukee, and oral argument by *Mr. Max Raskin* and *Mr. Bratt.*

For the respondents there was a brief by *Podell & Ugent,* attorneys, and *Ward Dunphy* of counsel, all of Milwaukee, and oral argument by *Mr. Alvin R. Ugent* and *Mr. Dunphy.*

CURRIE, J. Sub. (2) of sec. 263.15, Stats., expressly authorizes demurrers to cross complaints, and sub. (7) of sec. 263.06 states as one of the permissible grounds for demurrer "that the action was not commenced within the time limited by law." Furthermore, it is proper to demur on this ground when it appears from the face of the pleading attacked that the opposing party has been in adverse possession of the subject real property for the limitation period. *Gurr v. Gurr* (1944), 198 Ga. 493, 32 S. E. (2d) 507; *Humbert v. Trinity Church* (1838), 7 Paige Ch. (N. Y.) 195, affirmed (1840), 24 Wend. (N. Y.) 586 (*587); 2 C. J. S., Adverse Possession, p. 813, sec. 212.

The particular limitation statute relied upon in this demurrer is sec. 330.10, which provides: "An adverse possession of ten years under secs. 330.06 and 330.07 or of twenty years under secs. 330.08 and 330.09 shall constitute a bar to an action for the recovery of such real estate so held adversely or of the possession thereof." Sec. 330.06 invokes the presumption of adverse possession when the possession is under a claim of title grounded on a conveyance or judgment, while sec. 330.08, defines an adverse possession not grounded upon a conveyance or judgment.

As we construe the amended cross complaint, the cause of action is one for declaratory relief. Nevertheless, we deem the limitation periods imposed by sec. 330.10, Stats., are applicable even though the cause of action is not one strictly for the recovery of real estate. This is because adverse possession of the subject real estate for the limitation period extinguishes the title of the original owner and vests title in the adverse possessor. *Hatch v. Lusignan* (1903), 117 Wis. 428, 94 N. W. 332; 1 Am. Jur., Adverse Possession, p. 796, sec. 11.

Appellants contend that under sec. 330.19 (7), Stats., no statute of limitations ran against the Rauschenbergers because the fraud of Katherine Arnezeder was not discovered until plaintiff instituted its action in December, 1958. This statute provides a six-year statute of limitations for actions for relief on the ground of fraud, and states that: "The cause of action in such case is not deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud." However, this quoted statutory language has no application to sec. 330.10. This is because sec. 330.10 contains no exception to meet cases of fraud. This was so stated in *Steinberg v. Salzman* (1909), 139 Wis. 118, 123, 120 N. W. 1005.

A threshold question which confronts us, in determining whether the title asserted by the cross complainants has been barred by adverse possession, is whether we are confined to the allegations of the amended cross complaint, or whether it is also proper to consider the admission with respect to possession contained in appellants' answer, inasmuch as the cross complaint and answer are parts of the same document. It is true that a demurrer to a cross complaint or counterclaim embodied in an answer does not have the effect of searching the record to determine the sufficiency of the complaint. *Wesolowski v. Erickson* (1958),

5 Wis. (2d) 335, 343, 92 N. W. (2d) 898; *Foljahn v. Wiener* (1940), 233 Wis. 359, 362, 289 N. W. 609. However, we do not deem that this fact is necessarily determinative of the question of whether the court may consider portions of the answer other than the cross complaint in passing on the demurrer.

The decisive factor seems to be that the answer and the cross complaint are both embodied in the same document over a single verification by the appellants. We can perceive no policy reason why the court should not be permitted to look at all parts of this single document in passing on the issue of whether appellants have alleged or admitted facts constituting adverse possession for the statutory limitation period. To hold otherwise offends common sense.

The action of this court in *Watertown Milk Producers Co-operative Asso. v. Van Camp Packing Co.* (1929), 199 Wis. 379, 225 N. W. 209, 226 N. W. 378, 77 A. L. R. 391, in disposing of a somewhat-analogous pleading problem, points the course that should be followed here. In that case, plaintiff had demurred to defendant's answers. These demurrers had the effect of searching the record and bringing into question the sufficiency of the complaint. The complaint was defective because of the lack of a certain allegation, but averments in the answers supplied the missing element to spell out a good cause of action. This court held it proper to look at the answers as well as the complaint in passing on the sufficiency of the complaint. The court stated (p. 400):

"Upon mature consideration, it would seem that the cause of simplified procedure is illy served by a rule which ignores the allegations of the answer where the complaint is under scrutiny by virtue of a demurrer to the answer. Where in such case it appears that essential facts omitted in the complaint are supplied by the answer of the one who challenges the complaint, why should the litigants be re-

quired to retrace their steps and frame new pleadings all along the line? We can see no reason for such a procedure except fidelity to form and homage to precedent. The result is delay, additional work, and a cumbersome record, with compensation to no one."

More recently, in *Boek v. Wagner* (1957), 1 Wis. (2d) 337, 341, 83 N. W. (2d) 916, this court held it proper to consider allegations contained in a counterclaim in order to pass on the sufficiency of an answer.

The general rule applied in some other jurisdictions is that on demurrer a court ordinarily is limited to consideration of the pleading demurred to and may not look to other instruments or documents not forming part of such pleading. 71 C. J. S., Pleading, p. 500, sec. 257. We deem that an exception to this rule exists in a situation where the other pleading resorted to is contained in the same document as the pleading demurred to and is subscribed or verified by the same party, or parties, as the latter pleading.

Thus, in the instant case appellants' answer contains an express admission that respondent Arnezeder collected all of the income of the rooming house located on the subject property, operated a tavern therein herself, and collected rents from such tavern when operated by a tenant, and that she "remained in possession thereof." The amended cross complaint alleges that Arnezeder defrauded the Rauschenbergers of the "rents, issues, and profits" of such property by impersonating, or causing to be impersonated, Arthur Schmidt. We interpret these admissions and allegations to clearly establish: (1) That the property, which consists of only the east 36 feet of the south half of a city lot, has upon it a building used as a rooming house and tavern; and (2) that respondent Arnezeder has been either in actual, or constructive possession under sec. 330.10, Stats., through occupancy by her tenants, of such improved real estate during the period beginning with the deed executed

to Arthur Schmidt on December 28, 1928, and extending to the commencement of the instant action in December, 1958.

Appellants contend that the foregoing interpretation of the pleaded facts is rebutted by the following paragraph of the amended cross complaint:

"That as a result of the fraudulent acts of the said defendant, Katherine Arnezeder, no person or persons have been in legal possession of said real estate as against these cross-complaining defendants or their predecessors in interest."

When the foregoing paragraph is construed with the admission in the answer with respect to the possession of respondent Arnezeder and with the allegation of the amended cross complaint that she has defrauded appellants of the income and rents from the property, the only effect of this paragraph is to term Arnezeder's possession as unlawful. Thus, it merely expresses a conclusion of law which the demurrer does not admit. *Zache v. West Bend* (1954), 268 Wis. 291, 293, 67 N. W. (2d) 301.

Appellants contend that the 1928 deed from Ferdinand Rauschenberger to Arthur Schmidt is void because executed to a fictitious person. On the other hand, respondents maintain that this deed is a valid conveyance because Arnezeder had impersonated Schmidt, and thus the deed ran to an actual person under an assumed name. The applicable general rule is that a deed to a fictitious person is void, but one to a person taking under an assumed name is not. *City Bank v. Plank* (1910), 141 Wis. 653, 124 N. W. 1000; *Leroy v. Wood* (1943), 113 Ind. App. 397, 47 N. E. (2d) 604; 6 Thompson, Real Property (perm. ed.), pp. 327, 328, sec. 3168; 16 Am. Jur., Deeds, p. 483, sec. 78.

We deem it unnecessary here to decide whether the amended cross complaint establishes that the deed to Schmidt was to a fictitious person and void, or whether it in reality

ran to Arnezeder, who had assumed the name of Schmidt. If the deed was valid, then there would be no cause of action stated to have title adjudged in Ferdinand Rauschenberger because the deed would have conveyed away whatever interest he owned in the property. Even if the deed was void, respondent Arnezeder has been in adverse possession for more than twenty years and, thus, any title in Rauschenberger has been extinguished by virtue of the limitation period prescribed in secs. 330.08 and 330.10, Stats.

Also, the validity of the 1928 deed to Schmidt does not affect appellant's cause of action grounded on the dower rights of Irma Rauschenberger. Even if the deed is void because it runs to a fictitious person or was obtained by fraud, it still would afford color of title to support respondent Arnezeder's adverse possession. This was made abundantly clear by Mr. Justice DODGE in *McCann v. Welch* (1900), 106 Wis. 142, 147, 81 N. W. 996:

"Wherever the Wisconsin doctrine is maintained, no paper writing, purporting upon its face to be executed and to convey the land, has been held insufficient to support a claim of title such as may ripen into complete ownership by possession for the statutory period. A deed void upon its face will suffice (*McMillan v. Wehle,* 55 Wis. 685; *Whittlesey v. Hoppenyan,* 72 Wis. 140); a deed executed by a married woman who has no power to convey (*Sanborn v. French,* 22 N. H. 246; *Perry v. Perry,* 99 N. C. 270); a deed ostensibly by an agent, possessing no authority (*Millen v. Stines,* 81 Ga. 655); or signed by one *non compos mentis* (*Ellington v. Ellington,* 103 N. C. 54); or by one having neither title nor possession (*Webber v. Clarke,* 74 Cal. 11; *Love's Lessee v. Shields,* 3 Yerg. 405); a deed secured by fraud of the grantee (*Oliver v. Pullam,* 24 Fed. Rep. 127)."

See also *Illinois Steel Co. v. Budzisz* (1909), 139 Wis. 281, 288, 119 N. W. 935, 121 N. W. 362. Recently, in *Peters v. Kell* (1960), 12 Wis. (2d) 32, 40, 106 N. W. (2d) 407, this court cited *McCann v. Welch, supra,* as authority for the principle that a deed obtained through fraud is sufficient to make adverse possession grounded thereon fall within the ten-year statute of limitations. Here, Katherine Arnezeder or her tenants or assignee were in adverse possession grounded upon the deed to Schmidt for more than ten years following the death of Ferdinand Rauschenberger in 1945. It was this death that converted Irma's dower interest from an inchoate to a choate interest. 17A Am. Jur., Dower, p. 432, sec. 168. If adverse possession runs for the full statutory period of limitation after the death of the husband or after accrual of the dower right, a widow's dower right is barred. 1 Am. Jur., Adverse Possession, pp. 844, 845, sec. 94; Anno. 41 A. L. R. 1115, 1121. Therefore, the trial court was correct in sustaining respondent's demurrer to the cause of action based on Irma's dower rights.

*By the Court.*—Order affirmed.