Perry W. ROSS II, Keith Ross, Kenneth Ross and Patricia R. Keran, Plaintiffs-Appellants,†

v.

## HONEY LAKE PROTECTION & REHABILITATION DISTRICT, Defendant-Respondent.

Court of Appeals

*No. 91–1749. Submitted on briefs December 2, 1991.—Decided January 8, 1992.*

(Also reported in 480 N.W.2d 795.)

†Petition to review denied.

740

On behalf of the plaintiffs-appellants, the cause was submitted on the brief of *David Allan Rasmussen* of Walworth.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Michael F. Dubis* of Waterford.

Before Nettesheim, P.J., Brown and Snyder, JJ.

NETTESHEIM, P.J. Perry Ross II, Keith Ross, Kenneth Ross and Patricia R. Keran (Ross) sued the Honey Lake Protection and Rehabilitation District (district) seeking declaratory relief and an injunction. The lead issue on appeal is whether the thirty-day time limit in sec. 33.26(7), Stats., for judicial review of a county board's order creating an inland lake protection and rehabilitation district applies to a declaratory judgment action which challenges, in part, the board's inclusion of certain property in the district. In response to the district's motion for summary judgment and judgment on the pleadings, the circuit court ruled that the statutory time limit governs such an action. We agree. Therefore, we affirm that portion of the order which dismissed Ross' declaratory relief action challenging the inclusion of his property in the district.

Ross also alleged an additional basis for declaratory relief, challenging certain actions taken by the district after its creation. We conclude that this aspect of Ross' claim was not raised by the district's motions for sum-

mary judgment or judgment on the pleadings. Yet, the order dismisses Ross' complaint *in toto*. We reverse the order to the extent that it dismisses this additional aspect of Ross' declaratory relief complaint. We remand for further proceedings on this portion of Ross' amended complaint.

## FACTS

In December 1975, the Walworth County Board issued an order creating the Honey Lake Protection and Rehabilitation District. In March 1991, Ross filed this declaratory judgment action seeking, *inter alia,* a judicial declaration as to whether his property was properly included in the lake district at the time of its creation.[1] Specifically, Ross claimed that the county board had failed to give proper notice of the district's impending creation and the proposed inclusion of his property in the district.

## DECLARATORY JUDGMENT/STATUTE OF LIMITATIONS

Upon the district's motion for summary judgment and judgment on the pleadings, the circuit court dismissed Ross' action as untimely under the provisions of sec. 33.26(7), Stats., which provides:

> Any person aggrieved by the action of the board [creating a lake district] may petition the circuit court for judicial review. A verified petition shall be presented to the court not more than 30 days after the decision of the board, and shall specify the grounds upon which the appeal is based.

[1]At the time the district was created, Ross' property was owned by a predecessor in title.

Ross contends that the above statute is not the exclusive means by which he may obtain judicial review of the county board's action creating the district. He cites *Kaiser v. City of Mauston,* 99 Wis. 2d 345, 299 N.W.2d 259 (Ct. App. 1980), in support. There, the city of Mauston created a lake improvement district. Some months later, the city annexed a portion of the lake bed of Lake Decorah and formulated a plan to draw down the water of the lake. The district submitted this plan to the Department of Natural Resources (DNR) for approval. The DNR approved the plan in April 1979.

By declaratory action, the plaintiffs in *Kaiser* challenged the validity of the city's annexation. The city defended on a number of alternative grounds. First, the city contended that because the plaintiffs had also commenced a ch. 227 judicial review proceeding of the DNR approval, they had not exhausted their administrative remedies before commencing the declaratory judgment action. The court of appeals disagreed, concluding that the plaintiffs' declaratory relief action was proper because the DNR had no jurisdiction to address an annexation ordinance. *Id.* at 352–53, 299 N.W.2d at 264.

The city next contended that the plaintiffs' proper remedy was by writ of certiorari for which the applicable statute of limitations had passed. The court of appeals rejected this argument with a single statement: "Because we hold that a declaratory judgment action is a proper method of challenging the validity of the resolution, the certiorari time limit does not apply to this case." *Id.* at 355, 299 N.W.2d at 266. The decision recites no further rationale in support of this conclusion. From this, we can only surmise that the court was harkening back to the ruling it had just made on the previous issue: since the DNR had no jurisdiction to address the validity of

an annexation, the plaintiffs properly commenced a declaratory judgment action.

Regardless of our uncertainty as to *Kaiser's* rationale, we nonetheless conclude that *Kaiser* does not apply in a case where a statute expressly authorizes certain governmental action and then additionally sets out a *specific* time limitation within which an aggrieved party must challenge such action. This is such a case.

Ironically, we begin our discussion with another portion of the *Kaiser* decision. The city of Mauston also contended that the plaintiffs' action was time barred because it had not been commenced within the sixty-day time limit set out in sec. 66.021(10)(a), Stats. The court of appeals rejected this argument, stating:

> This statute [sec. 66.021(10)(a), Stats.] appears as part of the general annexation statute that defines the procedure by which a city may annex surrounding territory which it does not own. The statute which governs annexation by ordinance of territory which the city owns—the procedure which was used in the present case—does not include a similar bar. A third statute, governing annexation by referendum and court order, specifically incorporates the 60-day bar of sec. 66.021(10). It thus appears that the legislature intended that the 60-day bar applies only to those annexation statutes which specifically refer to it. The failure to incorporate a similar limitations period in sec. 66.025 similarly demonstrates an intent that challenges to the validity of that type of annexation procedure should not be subject to the 60-day time limit.

*Kaiser,* 99 Wis. 2d at 358, 299 N.W.2d at 267. (Emphasis added, footnote omitted.)

*Kaiser* thus suggests that when a particular statute fixes a time limit for challenging certain governmental

744

action, such represents a controlling statement of legislative intent.

In this case, as we have noted, sec. 33.26(7), Stats., expressly provides that any person aggrieved by a county board order creating a lake district must present such grievance to the circuit court within thirty days of the board's decision. This directive, we conclude, clearly and unambiguously reveals the legislature's intent as to the applicable time limitation for commencing such an action.

Ross further contends, however, that considerations of laches—not statutes of limitations—should govern as to whether an equitable action is timely brought. *See, e.g., Elkhorn Area School Dist. v. East Troy Community School Dist.,* 127 Wis. 2d 25, 30–31, 377 N.W.2d 627, 630 (Ct. App. 1985), and *City of Milwaukee v. Firemen Relief Ass'n,* 34 Wis. 2d 350, 361, 149 N.W.2d 589, 594 (1967).[2] We have no disagreement with this general statement of law. However, this line of cases involved those general statutes of limitation set out in ch. 893, subchapters VI, VII and VIII, which cover a host of governmental actions. These cases do not present the situation envisioned in *Kaiser* and presented here—a statute which expressly authorizes certain governmental action *and* which also prescribes a *specific* time limitation within which an aggrieved person must challenge such action.

Where governmental action is challenged after a *specific* statute of limitations has expired, the supreme court has held that such limitation period applies. In *Gottshalk v. Ziegler,* 208 Wis. 55, 241 N.W. 713 (1932),

---

[2]An action for declaratory relief is essentially equitable in character, *Belanger v. Local Div. No. 1128,* 256 Wis. 274, 278, 40 N.W.2d 504, 506 (1949).

745

the court held that an action in equity, premised upon fraud, to vacate and set aside a final probate judgment, was governed by the then statute of limitations applicable to fraud actions. *Id.* at 62–63, 241 N.W. at 715. The court has applied the same rationale in equitable actions between private parties. In *Markey Inv., Inc. v. Arnezeder,* 15 Wis. 2d 74, 112 N.W.2d 211 (1961), the cross-claimant pled an action in declaratory relief for the recovery of real estate. However, the defendant had established the requisite period of adverse possession. The supreme court held that the specific statute of limitations barring actions for the recovery of real estate if the requisite adverse possession is established rendered the claimant's declaratory action untimely. *Id.* at 80–81, 112 N.W.2d at 214–15.

These cases, in essence, apply the fundamental tenet of statutory construction that the specific statute applies over the general. *State ex rel. Lank v. Rzentowski,* 141 Wis. 2d 846, 853, 416 N.W.2d 635, 637 (Ct. App. 1987). The supreme court has cited to this principle in cases involving statutes of limitations. *See Estate of Frederick,* 247 Wis. 268, 271, 19 N.W.2d 248, 250 (1945).

Here we conclude that since sec. 33.26(7), Stats., recites a *specific* statute of limitations, the legislative intent is clear. Actions which challenge a county board's creation of a lake district must be brought within the statutory thirty-day time limit. Ross' declaratory judgment action challenging the inclusion of his property in the district is clearly too late under this statute.[3]

---

[3]Ross also challenges the trial court's ruling that the county clerk's recital in her summary judgment affidavit as to the historical contents of her official records was made upon personal knowledge pursuant to the requirement of sec. 802.08(3), Stats.

## DECLARATORY JUDGMENT/DISTRICT ACTION AFTER ITS CREATION

Ross' amended complaint also sought declaratory relief on the grounds that certain actions taken by the district *after* its creation did not comply with relevant sections of ch. 33. Ross alleged, *inter alia,* that the district failed to mail: (1) notice of annual meetings pursuant to sec. 33.30(2), Stats.; (2) notice of proposed special assessments pursuant to sec. 33.32(1)(c), Stats.; and (3) notice of the final determination of special assessments pursuant to sec. 33.32(1)(e), Stats. As to these allegations, the district's answer denied only the allegation pertaining to annual meetings. The answer is silent as to the other two alleged failings.[4]

### 1. Summary Judgment

The district's affidavit in support of its motion for summary judgment speaks only to the events surrounding the creation of the district and Ross' contention that his property was improperly included in the district. The summary judgment affidavit does not address Ross' other declaratory relief claim that certain actions by the district *after its creation* were not in compliance with

---

Ross' appellate argument on this point is limited to the issue concerning the sufficiency of the notice to include Ross' property in the lake district. Since we have held that Ross' action is time barred, we need not address this issue.

For this same reason, we also need not address Ross' claim for injunctive relief as it pertains to this issue.

[4]The district's answer does deny other portions of Ross' amended complaint and sets out affirmative defenses. These, however, are not germane to the issue we discuss here.

747

the statutes. We conclude therefore that the dismissal of this claim via summary judgment was improper.

## 2. Judgment on The Pleadings

The district also denominated its motion as one for judgment on the pleadings. As we have noted, the district denied only the allegation that it failed to mail notice of annual meetings. Ross' allegations that the district failed to mail notices of proposed special assessments and final determinations as to these assessments stands unrefuted.

Ross contends that this status of the pleadings permits him to at least proceed on this aspect of his claim for declaratory relief. Unfortunately, the district's respondent's brief does not address this issue. Instead, the district focuses *only* on Ross' contention that his property was improperly included in the district upon its creation.[5]

A motion for judgment on the pleadings raises the question of whether or not the facts alleged in the answer are sufficient to constitute a defense to the cause of action set out in the complaint. *All Electric Serv., Inc. v. Matousek,* 46 Wis. 2d 194, 199, 174 N.W.2d 511, 514 (1970). As we have noted, two of Ross' principal allegations (failure to mail notice of the proposed special assessments and failure to mail notice of the final determination of the assessments) are not even denied by the district in its amended answer. The other allegation

---

[5]The trial court dismissed this added aspect of Ross' declaratory relief action on the grounds that Ross had other adequate remedies at law. The court did not, however, expand on this remark and the district offered no argument in support of such a ruling.

(failure to mail notice of annual meetings) is denied and thus the factual issue is drawn as to that matter.

Even without the district addressing this question on appeal, we have nonetheless considered whether district's answer sets out a defense, as a matter of law, to Ross' declaratory relief action. We conclude it does not. A cause of action for declaratory relief is made up of four elements: (1) a justiciable controversy; (2) a controversy between adverse parties; (3) a legal interest in the controversy held by the claimant; and (4) the controversy must be ripe for judicial determination. *Sipl v. Sentry Indem. Co.*, 146 Wis. 2d 459, 464, 431 N.W.2d 685, 687 (Ct. App. 1988). Ross' amended complaint alleges noncompliance by the district with certain statutory requirements relative to the levying of special assessments. The complaint also alleges that the district has now charged such assessments to Ross via the 1990 property tax statement. We conclude that these allegations, measured against the district's limited answer, do not entitle the district to judgment on the pleadings.[6]

## CONCLUSION

We affirm the dismissal of Ross' declaratory relief action which seeks to challenge the inclusion of his property in the district. We reverse the dismissal of Ross' declaratory relief action which seeks to challenge the

---

[6]Ross' amended complaint also appears to seek injunctive relief premised upon the portion of the declaratory action challenging the district's actions after its creation. The judgment operates to dismiss this request for injunctive relief. Our decision, however, reinstates Ross' declaratory judgment action on a limited basis. If Ross ultimately prevails on this remaining aspect of his claim, the trial court is empowered to fashion any necessary and appropriate remedy, including injunctive relief.

validity of certain of the district's actions after its creation. We remand for further proceedings on this latter claim.

*By the Court.*—Order affirmed in part; reversed in part and cause remanded.