R. E. DOYLE, BURTON KERNS and FRANKLIN
O. BAKER,

*Plaintiffs and Appellants*

vs.

CHRIS SCHROEDER, WALTER PETERS, JAMES
FOWLER, HAZEL CONLEY, RUTH E. FLEISCHER,
LLOYD WATSON, MERLE HAWORTH, WILLIAM
F. WELCH, COOLEY BUTLER, MELVIN WHITE
and GEORGE BUSZKIEWIC,

*Defendants and Respondents.*

(No. 2741; September 18th, 1956; 301 Pac. (2d) 379)

For the plaintiffs and appellants, the cause was submitted upon the brief and also oral argument of John F. Raper and R. G. Diefenderfer, both of Sheridan, Wyoming.

For the defendants and respondents, the cause was submitted upon the brief of Henry A. Burgess and Edward J. Redle, both of Sheridan, Wyoming, and oral argument by Mr. Burgess.

## OPINION

PER CURIAM.

On July 5, 1955, the Sheridan County Boundary Board, purporting to act under the provisions of §§ 67-701—67-706, W.C.S. 1945, consolidated School Districts No. 10, 12, and 24 into a single district designated as School District No. 24.

Plaintiffs, Doyle, Kerns, and Baker, residents and taxpayers of School Districts No. 10, 12, and 24, respectively, brought this action, seeking by a declaratory judgment to have the purported consolidation declared void, and requesting an injunction to prevent

further functioning of officials acting in behalf of, or in relation to, the consolidated district.

Plaintiffs, setting forth in their petition the facts regarding the situation, contended that § 67-701 was impliedly repealed by ch. 163, S. L. of Wyoming 1947, and that there existed no valid statutory basis for the purported consolidation. Defendants (the members of the boundary board and the elected trustees of the newly consolidated District No. 24) demurred to plaintiffs' petition, insisting, inter alia, that § 67-701 was valid and unrepealed by said ch. 163. The court sustained defendants' demurrer and entered judgment against plaintiffs, who have now appealed.

The basic question to be determined is whether § 67-701 (sometimes called the district boundary board law) was repealed by ch. 163 (sometimes called the school district reorganization law).

Several statements in plaintiffs' brief are noteworthy:

"If the Court should determine that we are wrong in our contention of such repeal, then no further enquiry into the case is necessary * * * ";
again,

"Each case must stand upon the particular statutes considered therein and we have not found any situation exactly like that presented here";
and, further,

"It is a fundamental principal of statutory construction that a law, whether civil or criminal in nature, may be repealed by a later enactment covering the same subject, although such repeals are not favored."

As a basis for the rule last stated, plaintiffs quoted 82 C.J.S., Statutes, § 292:

" * * * Where a later act covers the whole subject of earlier acts, embraces new provisions, and plainly

shows that it was intended, not only as a substitute for the earlier acts, but to cover the whole subject then considered by the legislature, and to prescribe the only rules with respect thereto, it operates as a repeal of all former statutes relating to such subject matter, even though it makes no reference to the earlier statutes. The rule applies not only where the former acts are inconsistent or in conflict with the new act, but also where the former acts are not necessarily repugnant in express terms, or in all respects, to the new act. In order to effect a repeal by implication on this ground it must appear that the subsequent statute covered the whole subject matter of the former one, and was intended as a substitute for it. * * * "

Taking these statements at face value, our first analysis must relate to the status of § 67-701, the implied repeal of which is not favored in law. Unfortunately, plaintiffs cite for our assistance no cases regarding this statute or one similar; and apparently none exist.

For a discussion of the repeal of a statute by reason of a later statute which gives additional powers or privileges, we turn to our own case of Sheridan County Power Dist. v. Chicago, B. & Q. R. Co., 61 Wyo. 365, 157 P.2d 997, 1000:

"It is a well-established rule of law that a statute giving additional or different powers or privileges does not repeal any part of a former statute on the same subject unless the latter clearly evinces a purpose so to do. See note 88, Am.St.Rep., page 271; 59 C.J. 918, 50 American Jurisprudence, 556 and Bliler v. Boswell, 9 Wyo. 57, at page 78, 59 P. 798, 61 P. 867. * * * "
This case was cited in 82 C.J.S., Statutes, § 292, where it is stated:

" * * * One of two affirmative statutes on the same subject matter does not repeal the other if both can stand, as where they are cumulative. * * * "

When we consider the above quoted language of our court and the admissions which plaintiffs have made,

it is clear that any person who claims that a statute has been repealed by implication assumes thereby the burden of demonstrating beyond question that the legislative body by its later action evinced an unequivocal purpose of effecting a repeal.

Turning then to plaintiffs' arguments on the subject, we find the following language which is plaintiffs' *sole foundation* for contending that § 67-701 has been repealed.

"We submit that, under every test required by the rule, Section 67-701, W.C.S. 1945, was repealed by Chapter 163, Session Laws of 1947. The old law provided for a school district boundary board in each county of the state and placed in it full, complete and arbitrary power to organize and reorganize school districts as it wished. The 1947 statute set up a new, complete and comprehensive method for reorganizing the districts, provided for county committees and a state committee, specifically prescribed the method by which districts could be reorganized or combined and, in particular, required an election to be held so that the electors of the area affected by any proposed action of the sort could accept or respect it. Thus the arbitrary power vested in the district boundary board, under 67-701, was abolished and the right to determine whether any change should be made was vested in the people, where it should be.

"In determining the legislative intent, the title of the 1947 act, as well as its first two sections declaring the purpose of the enactment, all quoted above, should be examined, also Section 6, which defines anew the district boundary board and relegates its members to a minority individual position in the county committee, where all propositions for reorganization or combination must originate. If the 29th legislature had not intended its 1947 act to be a complete new law covering the entire subject of school district reorganization, surely it would have only referred to the district boundary board as such, without again specifying its membership and giving to them, as individuals, the right to vote in the county committee.

"Further expressing its intent in enacting Chapter 163, the 29th legislature provided, in Section 17:

" 'Upon the reorganization of the school districts in each county all of the area and territory within the county shall be included within reorganized or presently reorganized districts each maintaining or to maintain at least one elementary school.'

"This section was amended by the 33rd legislature by adding the words 'or high school' at the end, and Section 13 was also amended in the same Act (Chapter 49, Session Laws of 1955) in a minor particular. We will comment later on the significance of that amendatory Act.

"It is inconceivable to us that any doubt could exist as to the repeal of Section 67-701 by Chapter 163 of the 1947 laws. The later enactment covers the entire field of the earlier, in much greater detail and in a thoroughly democratic manner. There is no possible way to reconcile them so that both can operate; they are completely inconsistent. * * * "

When we scrutinize plaintiffs' above-quoted language, we find legal conclusions and bald statements without information or proof to support them.

We find *no basis* for the statements that "the arbitrary power vested in the district boundary * * * was abolished"; "if the 29th legislature had not intended its 1947 act to be a complete new law covering the entire subject of school district reorganization, surely it would have only referred to the district boundary board as such, without again specifying its membership"; "there is no possible way to reconcile them [the statutes] so that both can operate; they are completely inconsistent." We do not find these assertions of plaintiffs to be convincing.

We are impressed by the logic of defendants' argument that (a) the reorganization act was passed when urban areas in Wyoming had grown, and were growing,

tremendously in population and when there existed in our State wide disparity of assessed valuation per pupil between the various school districts and (b) the legislature intended that there be a comprehensive state-wide survey of school district problems relating to population and finance. Nevertheless, we have before us none of the evidence regarding the situation which might have been presented had the case gone to trial; and, therefore, we cannot pass upon the assumed facts which defendants use as the basis for their argument.

Even if plaintiffs had submitted cogent reasons why § 67-701 was repealed, we would still have been disturbed by several inconsistencies in their philosophy. For instance, if the 1947 legislature meant to repeal the statute in question (a) why did it not specifically so state—as the legislature of other states have done in passing reorganization laws, (b) why did it in § 6 refer to "The County School District Boundary Board," and (c) why did the new law contain the specific limitation as to the time of the existence of the county committee and the state committee.

However, it is needless to point out further inconsistencies or to pursue a discussion of those above mentioned since the burden is on plaintiffs to justify their theories. This burden has not been met by plaintiffs either in their petition or by their arguments.

A reading of the two statutes under consideration indicates no reason why both statutes cannot coexist, with the district boundary board governing all local problems and with the state committee accomplishing surveys and initiating reorganization in certain situations where, despite a need, the district boundary board has failed to act.

Counsel have raised other questions in the case: the uniform declaratory judgment act, the propriety of a

demurrer under the state of the pleadings, the validity of the election of trustees, and the revival of a statute after its repeal. None of these or other incidental questions need be answered inasmuch as their determination would in nowise affect the decision herein.

The judgment of the lower court is affirmed.

Affirmed.