Fort Howard Paper Company, Appellant, v. Town of
Ashwaubenon and others, Respondents.

*January 6—February 2, 1960.*

For the appellant there were briefs by *Everson, Ryan,
Whitney & O'Melia* of Green Bay, attorneys, and *Maxwell*

*H. Herriott* and *William K. McKibbage,* both of Milwaukee, and *John C. Whitney* of Green Bay, of counsel, and oral argument by *Mr. Herriott* and *Mr. John C. Whitney.*

For the respondents there were briefs by *Davis, Soquet, Cherney & Ross* of Green Bay, and oral argument by *Donald E. Soquet.*

MARTIN, C. J. Appellant's manufacturing plant is located in the town of Ashwaubenon, Brown county, and in the Fox River Heights Sanitary District. The district was created in 1945 and contained about 300 acres of land. Additions were made to it in 1949, 1954, and 1956, after which it contained approximately 526 acres. Two additions made in 1957 were set aside by stipulation when certain defects in the petitions were discovered.

Involved in the 1957 proceedings were certain areas in critical need of sewer and water service. The town undertook to construct some sewer and water mains in those areas and the district thereafter furnished service via the mains constructed by the town. Those areas are included in the properties requesting annexation in the proceedings involved in the instant case.

On June 11, 1958, the petition questioned here was filed with the town board of Ashwaubenon requesting the addition to the sanitary district of an area containing about 545 acres. It is admitted that the petition contained the signatures of at least 60 per cent of the persons owning real estate or owners of at least 60 per cent of the land within the area proposed to be added. The town board held a public hearing as required by sec. 60.303 (1), Stats., which hearing was attended by property owners in the existing district as well as property owners in the area seeking annexation. Thereafter, on June 28, 1958, the town board entered its order adding the property to the district.

In October of 1958 an additional 47 acres were added to the sanitary district. In none of the proceedings to annex property to the district were the petitions signed by property owners of the pre-existing district.

The proceedings here involved are challenged by the appellant on the ground that the petition did not contain the signatures of property owners in the pre-existing district.

Under sec. 60.301, Stats., town boards are vested with jurisdiction and authority to establish town sanitary districts when conditions stated in sec. 60.303 (3) are found to exist. These conditions are:

". . . that the petition is signed by the requisite owners of real estate as provided in sub. (1) of sec. 60.302, and that the proposed work is necessary, and that the public health, comfort, convenience, necessity, or public welfare will be promoted by the establishment of such district, and the property to be included in the district will be benefited by the establishment thereof . . ."

Sec. 60.302 (1), Stats., provides:

"Before any town board shall establish a district as heretofore authorized, a petition requesting such establishment shall be filed with the town clerk, addressed to the town board and signed by at least 60 per cent of the persons owning real estate or the owner or owners of at least 60 per cent of the land, within the limits of the *territory proposed to be organized* into such district."

Sec. 60.303 (8), Stats., provides:

"Additions and alterations to any such district may be made in the manner provided for the creation of such a district."

Appellant argues that the words of sec. 60.303 (8), Stats., referring to "the creation of such a district," must mean the particular district to which the new area is to be added. We cannot agree. Had the legislature intended that meaning

it would at least have said "the creation of *the* district." In common usage the words "such a district" are words of general meaning denoting the type of district referred to—in this instance, a sanitary district. We cannot read into the language of sec. 60.303 (8) the meaning that every addition to a district is to be treated as a new creation of the entire district.

In sec. 60.302 (1), Stats., the legislature has required that the petition be signed by 60 per cent of the persons owning land or the owners of 60 per cent of the land "within the limits of the *territory proposed to be organized* into such district." When additions are to be made to existing districts the "territory proposed to be organized" is the territory proposed to be added. The existing district is already organized.

We must keep in mind the purposes intended to be accomplished by the statutes dealing with the establishment and expansion of sanitary districts.

"The construction of the statute should be made with reference to the purpose of the statute, or in the light thereof, and in harmony and conformity therewith, in order to aid, advance, promote, subserve, support, and effectuate such aim, design, motive, end, aspirations, or object." 50 Am. Jur., Statutes, p. 286, sec. 303.

Sanitary districts serve a vital public function. Facilities for the supply of water, for drainage and the disposal of sewage, garbage, and refuse, etc., promote and safeguard public health and comfort. Where population is concentrated such facilities and services are essential to the welfare of the public, and the town sanitary-district laws are designed to provide the people in such an area with the means to fulfil those needs. As such population centers expand and the surrounding areas change in character from rural to urban, the need for sanitary-district facilities correspondingly expands.

As the trial court pointed out, the area of a proposed addition might well be too small to make a separate district feasible or lack the value to support one. Even if feasible, a multiplicity of districts within the same general area would be inefficient and uneconomical, as well as difficult, if not impossible, to administer.

Where this expansion of urban areas occurs, under appellant's theory of the law it would be necessary for property owners in the proposed addition to secure 60 per cent of the signatures in the combined areas of both the existing district and the addition before the town board would have jurisdiction to act upon their petition. To so construe the section would place too heavy a burden upon those seeking annexation, and the larger the existing district the greater the burden would be. The basic reason for rejecting the appellant's theory, however, is that such a construction would enable property owners in the existing district to block any expansion of the district and defeat the purpose of the statute.

There can be no doubt that the legislature intended to encourage the organization and expansion of sanitary districts where needed. In addition to the proceedings initiated by the petition of property owners, it has provided that a town board or the state board of health may, under certain circumstances, establish a sanitary district without a petition requesting it. Sec. 60.315, Stats. It has provided that a town board, also without benefit of petition, may add property to a district provided proper hearing is had and proper findings are made. Sec. 60.303 (6).

To hold that the signatures of property owners in an existing district are not required to give the town board jurisdiction to consider the petition is not to deny such property owners a voice in the matter. After the petition has been filed the town board must arrange for a hearing, giving public notice thereof, "at which time all interested property

owners may be present and offer objections, criticisms, or suggestions." Sec. 60.303 (1), (2), Stats.

Appellant argues that the property owners in the existing district ought not to be burdened with extra expense without their consent. It cites the example of hydrant rental which will amount to $930 annually in the added territory, 98.4 per cent of which will be borne by the existing district. This amounts to five cents per $1,000 on its valuation. As observed by the trial court, however, situations like this usually, if not always, result where less-developed lands are annexed to more-developed lands in a municipal corporation for the purpose of providing governmental or utility services. It is equally true, however, that sanitary-district service is one of the first important steps in municipal development. This leads to increased property valuation in the improved area and eventually to the benefit of all.

The interpretation placed upon the statute by the trial court is that which has been followed by various districts in enforcing the section. It has been called to our attention that in Brown county alone there have been numerous such additions made to existing districts and each has been accomplished in accordance with the construction placed upon the statute by the trial court in this case. We may assume the same is true elsewhere in the state. Administrative interpretation is entitled to great weight. Appellant has pointed to no annexations which have been made in accordance with its interpretation of the statute.

While this appeal was pending, sec. 60.303 (8), Stats. 1957, which is the subject of construction here, was repealed and re-created by the enactment of ch. 588, Laws of 1959. The order appealed from was made in accordance with the trial court's construction of the 1957 statute and we agree with that construction. Hence a discussion of the new enactment becomes unnecessary.

*By the Court.*—Order affirmed.