ELEMENTARY SCHOOL DISTRICTS 2, 3, AND 10, OF CAMPBELL COUNTY, Wyoming, et al., Appellants (Plaintiffs below),

v.

The DISTRICT BOUNDARY BOARD OF CAMPBELL COUNTY, consisting of Eric J. Ohman, Nelle Cook, William Fitch, Lynn Tarver and Elvera Kee, Appellees (Defendants below).

No. 3742.

Supreme Court of Wyoming.

May 9, 1969.

Robert R. Rose, Jr., Casper, for appellants.

Wade Brorby, Gillette, for appellees.

Before GRAY, C. J., and McINTYRE, PARKER, and McEWAN, JJ.

Mr. Chief Justice GRAY delivered the opinion of the court.

Early in the year 1966 all of the territory embraced within Campbell County, Wyoming, was included in previously organized School Districts Nos. 1 through 12, which are commonly known as "elementary school districts," with grades 1 through 8. Superimposed on the elementary districts was a high school district organized under express statutory provisions relating to such districts, §§ 21–172 through 21–210, W.S.1957, as amended.[1] At that time the reorganization committee of the county, pursuant to the provisions of §§ 21–224 through 21–241, W.S.1957, which prescribed a comprehensive plan for the reorganization of school districts within the state, initiated a reorganization proceeding whereby it was proposed that all of the existing school districts in the county be abolished and the territory embraced therein organized into a so-called "Campbell County Unified School District" with grades 1 through 12. For reasons not here involved, this undertaking was nullified by this court in School Districts Nos. 2, 3, 6, 9 and 10, in County of Campbell v. Cook, Wyo., 424 P.2d 751. However, soon after the decision was rendered School District No. 1, pursuant to §§ 21–211 through 21–223, W.S.1957, as amended, commenced a proceeding before the district boundary board of the county seeking to accomplish the same result; and such board, after notice and hearing, entered an order consolidating all of the school districts above described into "one single unified district." Thereafter the plaintiffs filed their petition for review in the District Court of Campbell County, Wyoming, and the district court, after examination of the record made of the proceedings before the boundary board and after argument of counsel, entered judgment affirming the order of the boundary board in all respects. This appeal followed.

The principal claim of error advanced by plaintiffs appears to be their general challenge to the power of the boundary board to enter such an order in the exercise of its authority as prescribed by Ch. 111, S.L. of Wyoming, 1961 (§ 21–211, W.S.1957, 1967 Cum.Supp.). As we understand the argument it is conceded that a district boundary board may alter boundaries of a high school district as a separate entity or consolidate it with another high school district and may do the same with elementary districts as separate entities, but is without authority to commingle both types of entities in such a manner as to create a new school district with grades 1 through 12 out of their joint territory with the result that all of the previously organized elementary districts within the county and the high school district are abolished and dissolved.

The pertinent provisions of the above-mentioned statute read as follows:

"* * * Said board by a majority vote may divide the county into school districts, may alter and change the boundaries of any school district, including high school districts, if the boards of trustees of such high school districts consent, and may at any time consolidate any such districts or portion of districts, when, in the opinion of such board such changes, alterations or consolidations may be justified by existing circumstances and conditions and where high school districts are involved where the boards of such high school districts consent; * * * "

---

[1] It should be noted that subsequent to this appeal all statutory references herein relating to the organization and reorganization of school districts have been repealed by the "Wyoming Education Code of 1969," Ch. 111, S.L. of Wyoming, 1969.

■ Certain supplemental facets underlie the general argument, the first contention being that this could only be done through the general reorganization provisions to which reference has been made. While it is true that it could have been done under the more comprehensive statute, it does not follow that a boundary board could not accomplish the same result, providing, of course, that such power was conferred upon it by the foregoing section. See Doyle v. Schroeder, 76 Wyo. 178, 301 P.2d 379.

■ Also involved is the power of the board, aside from the high school district, to consolidate and in effect abolish all of the elementary districts of the county into a new district. We have not, of course, considered the precise point in previous cases. Nevertheless it is apparent from our decisions prior to the amendment of 1961 that the language of the statute empowering the board to "consolidate entire districts"—which was not materially changed in 1961—meant what it said and the authority so conferred was not limited in the number of districts that might, under proper circumstances, be consolidated. With respect to the creation of a new district by consolidating two or more districts, the attorney general of this state, under date of October 31, 1946, Report and Official Opinions of Attorney General, 1941–1947, p. 874, and which was reaffirmed on December 31, 1957, Official Opinions, Attorneys General of Wyoming, 1957–1960, p. 195, ruled that a new district was created by the consolidation of entire districts, with the result that the districts so consolidated were abolished. We agree. The ruling was in keeping with the generally recognized rule that upon consolidation the component districts lose their separate entity, 78 C.J.S. Schools and School Districts § 57e, p. 784, and the power to create a new district implies the power to abolish the old districts in order to accomplish such purpose. 78 C.J.S. Schools and School Districts § 59, p. 788. Of added persuasiveness is the fact that the legislature, subsequent to the rulings of the attorneys general, made no changes in the law with respect thereto, and as was said in School Districts Nos. 2, 3, 6, 9, and 10, in County of Campbell v. Cook, Wyo., 424 P.2d 751, 756, this was a matter "worthy of careful consideration in an inquiry into the intention of that body."

It having been conceded that the boundary board was empowered to alter the boundaries of high school districts or to consolidate such districts, we are brought then to that phase of the plaintiffs' argument relating to the board's authority to consolidate the separate entities here involved. While the statute is somewhat ambiguous, we find no merit in the novel contention that the board is without authority to commingle high school and elementary districts.

The authority of district boundary boards to consolidate school districts within their counties came into the law in the year 1926. Thereafter, and until the 1961 amendment, the pertinent language of § 21–211, after reciting that such boards were charged with the duty of "laying off their county into convenient school districts" went on to provide that such boards could change "the boundaries of the *districts so formed*" (emphasis supplied) and might also "consolidate *entire* districts or portions of districts." (Emphasis supplied.) It will be noted that the term "school districts" was not defined, but it was ordinarily understood to mean that a high school was included, Ericksen v. School Dist. No. 2 of Natrona County, 67 Wyo. 216, 217 P.2d 887, 889, and it also applied to school districts with fewer than grades 1 through 12. Chicago, B. & Q. R. Co. v. Byron School Dist. No. 1, 37 Wyo. 259, 260 P. 537.

In 1959, a controversy arose as to whether or not this broad general power authorized boundary boards to consolidate ordinary districts with a high school district. The controversy found its way here, and in Sanders v. Brown, 80 Wyo. 265, 341 P.2d 85, the words "so formed" were construed as words of limitation confining the power

of consolidation to school districts organized by the board. Inasmuch as a high school district was formed and organized under the express and special provisions of the statutes relating to such districts, it was held that the special statutes were controlling and the boundary board was without authority to reorganize or alter the boundaries of a high school district.

Following the decision in the Sanders case, the legislature in the very next session made significant changes in the provisions pertinent to the present inquiry. The words "districts so formed" were removed from § 21–211 and replaced by the language "any school district, including high school districts." In addition, with respect to consolidation, the word "entire" was removed and the words "any such" inserted so that the pivotal phrase now reads that the board may "change the boundaries of any school district, including high school districts, * * * and may at any time consolidate any such districts or portion of districts * * *."

■■ The word "such" is relative, and the only support for the construction of the phrase advanced by the plaintiffs that comes to mind would be strict adherence to the rules of grammatical construction that the word "such" insofar as high school districts are concerned refers back to the last antecedent, which, of course, was "high school districts." But that rule is not inflexible when its application would defeat the legislative purpose and intent of the statute. Johnson v. Craddock, 228 Or. 308, 365 P.2d 89, 93; Rosscheart v. School Dist. of Omaha in Douglas County, 151 Neb. 304, 37 N.W.2d 209, 211; Fort Howard Paper Company v. Town of Ashwaubenon, 9 Wis.2d 329, 100 N.W.2d 915, 917; 50 Am.Jur., Statutes, § 269, p. 258; and as was said in Johnson, supra, 365 P.2d at 94, "a slight indication of the legislative intent to extend the relative term to a more remote antecedent is sufficient."

This court has long recognized that § 21–211 had for its purpose the furnishing of adequate educational facilities to school children, Chicago, B. & Q. R. Co. v. Byron School Dist. No. 1, supra; Forest Oil Corporation v. Davis, Wyo., 396 P.2d 832, 834; and when that laudable purpose is coupled with the obvious purpose of the 1961 amendment to remove a limitation placed upon the broad general power of boundary boards by this court, we think more than sufficient is shown to require us to relate the words "such districts" back to the more remote antecedent "any school district" which, as the statute clearly says, was to include high school districts. For such reasons we cannot say that the board usurped its powers in ordering the consolidation.

It is further contended by plaintiffs that the construction we have reached would result in a violation of Art. 16, § 4 of the Wyoming Constitution which in substance prohibits the creation of a debt "in excess of the taxes for the current year * * unless the proposition to create such debt shall have been submitted to a vote of the people thereof [the districts] and by them approved." The contention is premised upon the fact that School District No. 1 had a bonded indebtedness of $280,000, and the other elementary districts had none. The contention is quite tangential and is not supported by cogent argument or authority. Ordinarily no consideration will be given to a claim under such circumstances, Bell v. Gray, Wyo., 377 P.2d 924, 925, and we have been unable to discern any compelling reason here to depart from the general rule, particularly when it is considered that by its action the boundary board created a new district with current yearly taxing power greatly in excess of any debt either existing or created by the consolidation.

Plaintiffs also complain of a letter authored by Harry Roberts, Superintendent of Public Instruction, supporting the proposed consolidation and entitled "Open Letter to the Boundary Board," which was published in a Gillette newspaper subse-

quent to the hearing held by the boundary board. Plaintiffs argue that the action of Mr. Roberts was in direct violation of § 9–276.29, W.S.1957, 1967 Cum.Supp., and thus the decision reached by the board was void.

■ It was plaintiffs' burden, of course, affirmatively to establish that an impropriety was practiced by the board with respect to this matter. Forest Oil Corporation v. Davis, Wyo., 396 P.2d 832, 836. Assuming, as plaintiffs argue, that the statute has application to the circumstances reflected by the record, the fact of the publication of the letter in a newspaper of itself is insufficient to discharge the burden. While it might be surmised that one or more members of the board read the publication, the record fails to show that the communication, which was outside the record of the board's proceedings, was ever received or considered by the board. The presumption is that it was not, 2 Am.Jur.2d, Administrative Law, § 748, p. 647, and such presumption cannot be overcome by suspicion and surmise. Consequently we find no merit in the contention.

■ Brief reference will be made to the last of plaintiffs' contentions. It is claimed that the board committed prejudicial error in admitting into evidence Exhibit R, which was offered by School District No. 1, and on its face purported to be a summation of replies made by the boards of the several elementary districts to a questionnaire seeking an expression of views on the matter of consolidation. Conceding that the exhibit was somewhat misleading, plaintiffs are mistaken in their assertion that the exhibit was received in evidence. Not only does the record show that the exhibit was not received in evidence, it shows that any objection to the exhibit was waived by plaintiffs after extensive questioning by their counsel as to foundation. Under the circumstances there is no basis for the claim of error.

For the reasons stated the judgment of the trial court confirming the order of the boundary board must be affirmed.

Affirmed.