L.P. VOIGT, Secretary, Department of Natural Resources
You request my opinion on the following question:
 Can a town which does not own or operate a sewage system, but which is authorized by its electors under sec. 60.18 (12), Stats., to exercise village powers, make special assessments across all of the property "within the town" and within the present corporate limits of a town sanitary district and within the proposed extended service area of such district, for benefits expected to accrue from construction of sanitary sewage facilities, and pay such assessments to the town sanitary district to help pay for such improvements? (Emphasis added.)
I am of the opinion that it cannot. I would reach the same conclusion if the town board had not been authorized to exercise village powers. It would appear that the power to make special assessments is personal to the municipal unit making the improvement, in most cases must be levied within the corporate units of the municipality, and is to be used by such municipality.
A town has only such powers as are conferred on it by statute or as are necessarily implied therefrom. Pugnier v. Ramharter
(1957), 275 Wis. 70, 71, 81 N.W.2d 38.
Whereas sec. 60.18 (12), Stats., authorizes a town meeting to direct its town board to exercise all powers relating to villages and conferred on village boards by ch. 61, such statute excepts such power, "the exercise of which would conflict with the statutes relating to towns and town boards."
While it can be argued that there is a conflict between the manner in which the statutes require sanitary sewage systems to be operated in towns, i.e., by the town or by creation of town sanitary districts, and statutes relating to village operated systems, there is no need to set forth possible conflicts. I am aware of no authority of a village board to make special assessments, over all or part of the property within a village, to be paid over to a separate governmental agency for benefits which may accrue from the operation conducted by the other agency. *Page 345 
I am of the opinion that a town can construct, acquire, lease or extend and improve a plant and equipment within or without its corporate limits for the collection, treatment and disposal of sewage. Sec. 66.077 (1), Stats.
I am aware of the opinion in 32 OAG 380, 382 (1943), but do not agree with the somewhat more restricted conclusion reached therein which states that:
 ". . . It would authorize a town to construct sanitary sewers only as a part of, and in connection with, the construction of a sewage disposal plant, or to extend sanitary sewers in connection with a disposal plant already in existence."
Also see Town of Norway v. State Board of Health (1966),32 Wis.2d 362, 145 N.W.2d 790; secs. 144.01 (2), (12), 144.04, 144.06, 144.07, and with respect to towns having village powers, secs. 61.34 (1), 61.36, Stats.
Towns have the further power to finance such systems from the general fund, taxation, special assessments, service charges or from the sale of bonds. Secs. 66.076 (1), 60.29 (19), and 66.60 (1), (5), Stats., as amended by ch. 19, Laws of 1973.
Sections 60.30 through 60.316, Stats., provide for the creation, operation, powers and dissolution of town sanitary districts. Such districts have power to collect, transport, pump, treat and dispose of sewage and may "sell" any of its services to users outside its corporate limits. Sec. 60.30 (1), Stats. Whereas the district has power to make special assessments, it appears that sec. 60.309 (1), Stats., limits such power to improvements within and parcels within the corporate limits of the district. Duncan Devel. Corp. v. Crestview San. Dist. (1964),22 Wis.2d 258, 263, 264, 125 N.W.2d 617.
Even under sec. 66.65, Stats., the power of a city, village or town to levy special assessments on property outside corporate limits is limited to abutting property.
The legislature evidently created provisions permitting town sanitary districts to deal with sanitary problems in the more populated areas of towns. All or a portion of a town may be included if need is proven. Section 60.31, Stats., provides for alteration of sanitary districts when part or all of the territory is annexed to a city *Page 346 
or village. Section 60.303 (8), Stats., permits additions to sanitary districts on petition, approval of the town board, hearing and proof of need. Fort Howard Paper Co. v. Town ofAshwaubenon (1960), 9 Wis.2d 329, 332, 100 N.W.2d 915.
It would appear that a town sanitary district should only make application for approval of improvements which are necessary to serve present and future needs for the area within its boundaries or areas in which it can readily sell its services. If adjacent areas are demanding service, petition for enlargement of the district should be considered. In highly populated towns which are urban in nature, dissolution of a town sanitary district might be an alternative if the town is willing to operate a town system or desires to create a town utility district provided for in sec. 66.072, Stats.
I am of the opinion that a town board not having a system cannot make special assessments on property within the corporate limits of the town but outside the corporate limits of a sanitary district which it believes is indirectly benefited and pay such amounts to the district.
RWW:RJV