DONALD PERCY, Secretary Department of Health and SocialServices
Your predecessor requested my opinion on two questions, the first of which is:
 "Does sec. 13.48 (13), Wis. Stats., which makes `any building, structure or facility . . . constructed for the benefit or use of the state of any state agency, board, commission, or department' subject to local zoning ordinances, apply to the acquisition and use of existing facilities which will be remodeled for state use? Does sec. 13.48 (13), Wis. Stats., include within the term `constructed' reconstruction, remodeling, or additions to buildings or do those terms have separate meanings as in sec. 13.48 (10), Wis. Stats.?"
Your question is somewhat hypothetical. The only specific facts given are that "the Department is considering the purchase or lease and remodeling of certain facilities in the City of Milwaukee." Accordingly, my opinion will be restricted to circumstances where your Department remodels a newly acquired or leased facility for the purpose of converting it into a state facility.
For the reasons hereinafter discussed, it is my opinion the state is subject to local zoning regulations in the specific situation of remodeling a newly acquired or leased facility.
My opinion is based on the provisions of sec. 13.48 (13), Stats., which read:
 "Exemption from local ordinances and regulations. Where any building, structure or facility is constructed for the benefit of or use of the state or any state agency, board, commission or department, such construction shall be in compliance with all applicable state laws, codes and regulations but such *Page 252 construction shall not be subject to the ordinances or regulations of the municipality in which the construction takes place except zoning, including without limitation because of enumeration, ordinances or regulations relating to materials used, permits, supervision of construction or installation, payment of permit fees, or other restrictions of any nature whatsoever. This subsection applies to any construction hereafter commenced."
Under the common law the state was not subject to local zoning requirements. City of Milwaukee v. McGregor, 140 Wis. 35,121 N.W. 642 (1909); Green County v. Monroe, 3 Wis.2d 196,87 N.W.2d 827 (1958). In my opinion, the subsection is in derogation of this common law principle. It has been held that statutes are not to be construed as changing the common law unless that purpose is clearly expressed in the statute. Wisconsin Bridge Iron Co., v.Industrial Comm., 233 Wis. 467, 290 N.W. 199 (1940). I believe such intent is clearly expressed in the underlined language in sec. 13.48 (13), Stats., above.
At least two arguments could be advanced to support the conclusion that local zoning regulations do not apply to your proposed project. The first argument is that the statute is not in derogation of the common law since its language does not refer to construction by the state, but only refers to construction "for the benefit or use of the state." The second argument is that the term "construction" does not include reconstruction, remodeling or additions to buildings. In order to address each of these arguments it is necessary to examine the legislative history and purpose of the statute.
First, sec. 13.48 (13), prior to its amendment in 1973, provided private nonprofit building corporations engaged in constructing facilities for the benefit or use of the state with the same immunity from local regulations which the state enjoyed under the common law. These corporations had been widely utilized by the state in the construction of state facilities prior to the amendment of Wis. Const. art. VIII, sec. 7, in April of 1969, which allowed direct state debt and, therefore, construction, and eliminated the use of these private entities. When the Legislature amended sec. 13.48 (13), Stats., in 1973, the use of the nonprofit building corporations had been phased out and the Legislature dropped the unnecessary reference in the *Page 253 
statute to such entities since the state itself was directly involved in the construction of state facilities. The removal of any reference to the building corporations in sec. 13.48 (13) leads only to the conclusion that the Legislature intended the state, the entity engaged in construction, to be covered by the provisions of the statute, as amended. So construed, the statute abrogates the state's common law immunity to local zoning regulations.
Second, even though statutes in derogation of the common law are to be strictly construed, State ex rel. Chain O'LakesProtective Ass'n v. Moses, 53 Wis.2d 579, 193 N.W.2d 708 (1972), an examination of legislative history evinces the Legislature's intent to interpret the term "construction" broadly to include reconstruction, remodeling and additions to buildings. The purpose of the original statute was to grant to private building corporations the same immunity from local regulations which the state enjoyed. A narrow interpretation of "construction" would have produced the irrational result of extending common law immunity to private building corporations only when they were engaged in original fabrication for the benefit or use of the state, leaving them unprotected when remodeling or expanding state facilities. Such a construction would in large measure thwart the Legislature's purpose in enacting the statute in the first place. Statutes are to be construed so as to avoid such absurd results. State ex rel. Reynolds v. Nusbaum, 17 Wis.2d 148,115 N.W.2d 761 (1962).
Nothing in the history or purpose of the 1973 amendment of sec.13.48 (13), Stats., suggests that the Legislature intended to put a new, restrictive gloss on the term "construction." Furthermore, to conclude that under the present statute the state is subject to local zoning only in the situation of new construction would violate the principle that statutes are to be interpreted with reference to their purposes and to advance and promote such ends.Fort Howard Paper Co. v. Town of Ashwaubenon, 9 Wis.2d 329,100 N.W.2d 915 (1960)
The purpose of zoning is to establish limitations upon the use of property. State ex rel. Schleck v. Zoning Board of Appeals,City of Madison, 254 Wis. 42, 35 N.W.2d 312 (1948). With this basic purpose of zoning in mind the intent of the amendment to protect the neighborhoods from state uses which would be offensive to local land use patterns is evident. To conclude that the state is only subject to *Page 254 
local zoning for new construction would clearly frustrate the fundamental principle of land use regulation embodied in zoning.
In my opinion, the word "construction," employed in sec. 13.48
(13), is generic and applies equally to new construction, remodeling, reconstruction, or the construction of an addition.
I am aware that the terms "reconstruction," "remodeling" and "addition" are arguably differentiated from "construction" in subsec. 10 of sec. 13.48, Stats. In State ex rel. City C. Co. v.Kotecki, 156 Wis. 278, 146 N.W. 528 (1914), the court defined the same words differently in different sections of a statute. "'The meaning of the words of an act . . . is to be ascertained from the subject to which it refers, so that the same words receive a very different construction in different statutes."' Id. at 282, quoting McCaul v. Thayer, 70 Wis. 138, 149, 35 N.W. 353 (1887). Thus. my opinion is unaffected by sec. 13.48 (10).
In conclusion, it is my opinion that your proposal, to acquire or lease an existing building or facility and to convert such facility into a state facility for the housing of inmates by the remodeling of the same, will be subject to local zoning regulations.
Your predecessor also asked:
 "lf sec. 13.48 (13), Wis. Stats., does not act to subject to local zoning ordinances the use of existing facilities by the Department for housing inmates of the Correctional Camp System, is there any other law or statutes which would subject such use to zoning ordinances?"
In view of my answer to your first question, it is not necessary to answer this question.
BCL:DJH:CAB