**Homer R. DENIUS and Grace E. Denius, d/b/a Denius Cattle Co., Appellants (Petitioners below),**

**v.**

**T R TWELVE, INC., and the State Engineer of the State of Wyoming, Appellees (Respondents below).**

**No. 4925.**

Supreme Court of Wyoming.

Jan. 16, 1979.

· Henry A. Burgess, Sheridan, for appellants.

David F. Palmerlee, of Redle, Yonkee & Arney, Sheridan, for T R Twelve, Inc., appellee.

John J. Rooney, Acting Atty. Gen., and Christan P. Mai, Asst. Atty. Gen., Cheyenne, for Wyoming State Engineer, appellee.

\* At the time of oral argument, while this case was under advisement and at the time a decision was reached, Guthrie, J., was Chief Justice. He retired from the Court on December 31, 1978. By order of the Court, entered on

Before RAPER, C. J., and GUTHRIE \*, McCLINTOCK, THOMAS and ROSE, JJ.

ROSE, Justice.

This appeal is taken from a District Court order affirming the decision of the State Engineer granting to T R Twelve, Inc. an extension of time within which to commence and complete construction of Parkman Reservoir and associated facilities. The extension of time was requested under and by authority of § 41–4–506, W.S.1977 (originally § 41–206, W.S.1957, as amended).

The Parkman Reservoir permits were first filed in the name of John A. Love, Jr., predecessor to T R Twelve, on August 25, 1972 and were subsequently assigned to appellee–T R Twelve in 1974. The time within which to commence and complete construction under the terms of these permits first expired in February of 1974. The then owner of the permits, John A. Love, Jr., applied for and received a time extension until February of 1975. The District Court, Laramie County, upheld the extension order of the State Engineer in February of 1975.

In April of 1975, *United States of America v. Big Horn Low Line Canal, et al.*, Civil No. CF–75–34–Blg., was filed in the United States District Court, District of Montana, Billings Division, wherein the United States, as Trustee for the Crow Indian Tribe, and on its own behalf, essentially claimed the entire flow of the Little Big Horn River, which is the water supply for Parkman Reservoir. The proceedings in *United States of America v. Big Horn Low Line Canal, et al.*, supra, were stayed pending a decision by the United States Supreme Court in *Colorado River Water Conservation District, et al. v. United States* and *Akin v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483, reh. den. 426 U.S. 912, 96 S.Ct. 2239, 48 L.Ed.2d 839 (1976) (Hereinafter *"Akin"*).

January 1, 1979, he has been retained in active judicial service pursuant to Article 5, Section 5, Wyoming Constitution, and Section 5–1–106(f), W.S.1977.

On January 21, 1976, T R Twelve, Inc., initiated the proceeding with which we are concerned here by requesting an extension of time within which to commence and complete construction of the reservoir, alleging that, since the Federal/Indian claims had not been resolved, it was, therefore, impossible to perform within the time frames envisioned by the original permits and their extensions. On March 24, 1976, *Akin* was decided by the United States Supreme Court. In May of 1976, T R Twelve, Inc., filed its motion to intervene in *United States of America v. Big Horn Low Line Canal, et al.,* supra, seeking to have the Federal/Indian claims to the Little Big Horn River quantified. On May 12, 1976, appellants filed their objections to the application for extension of time within which to commence and complete the reservoir on the following grounds:

(1) that the Parkman Reservoir would inundate the irrigated lands of appellant Homer R. Denius;

(2) that it is a speculative reservoir for industrial purposes;

(3) that T R Twelve, Inc., has no beneficial use for the water; and

(4) that T R Twelve, Inc., had not been diligent.

The request for time extensions was heard before the State Engineer in Sheridan, Wyoming, on May 25, 1976, and by order dated February 25, 1977, that officer granted the extensions and found, among other facts:

"13. The Contestee, T R Twelve, Inc., has been delayed in pursuing the commencement and construction of Permits Nos. 7477 Res., 23955 and 23956 because of the claims of the Crow Indian Tribe to an unquantified portion of the flows of the Little Big Horn River and the litigation relating thereto.

"14. T R Twelve, Inc. has show good cause for granting extensions of time in which to commence and complete construction of the Parkman Reservoir and associated facilities under Permit Nos. 7477 Res., 23955 and 23956."

and he concluded, among other matters of law:

"2. The Federal/Indian claims to the flows of the Little Big Horn River asserted in *United States v. Big Horn Low Line Canal, et al.,* are in derogation of the rights of T R Twelve, Inc. to divert and store the waters of the Little Big Horn River in the State of Wyoming."

"4. Good cause having been shown, the request for extensions of time in which to commence and complete construction should be granted."

The District Court upheld the order of the State Engineer by order dated December 9, 1977, from which the appellants urge the following issues for decision in this court:

"1. The State Engineer's Order extending the time to commence construction of the reservoir under Permit 7477 was an error of law, as absent the consent of Denius, no reservoir can be constructed on his land.

"2. Extension of Permit No. 7477 Res. by the State Engineer is in derogation of the Petitioners' rights under Article I, § 32 and § 33 of the Wyoming Constitution and in excess of the powers of the State Engineer.

"3. Where the Parkman Reservoir is indefinite and speculative the State Engineer's decision to extend the permit is contrary to law and policy and an abuse of his discretion.

"4. The State Engineer's decision that good cause exists for an extension is not supported by competent and substantial evidence.

"5. The decision by the State Engineer in favor of the Respondent after ex parte communication between the State Engineer and the Respondent violates the Petitioners' rights to due process under the Fourteenth Amendment to the United States Constitution and Article I, Section 6 of the Wyoming Constitution and further violates the Administrative Procedure Act."

We will affirm.

Issues numbered 1, 2, 3 and 5 are not such as will defeat the applicants' good-cause

showing under § 41–4–506, W.S.1977, and are mainly irrelevant to any issue properly before the administrative officer and the courts in cases of this nature.

■ In *Associated Enterprises, Inc. v. Toltec Watershed Improvement District,* Wyo., 578 P.2d 1359 (1978), we held that the only substantive issue to be decided in questions arising out of an application for an extension of time under § 41–4–506, W.S. 1977, supra, is whether or not good cause for the extension has been shown by the applicant. That means—has the applicant shown the State Engineer good cause why he couldn't start and complete the reservoir within the original permit period or an extension thereof? That is the narrow issue in extension cases under § 41–4–506, supra, and that is the only issue we will consider. *Associated Enterprises, Inc.,* supra. Perhaps the "good cause" that the statute (§ 41–4–506, W.S.1977) speaks about is misunderstood. We tried to say in *Toltec* that the genesis for the issue eligible for consideration under § 41–4–506, supra, is *diligence.* In speaking to the proposition that due diligence is the foundation upon which a showing of "good cause" will rest, in a § 41–4–506 case, we said:

" ' . . . [T]he law does not require any unusual or extraordinary efforts, but it does require that which is usual, ordinary, and reasonable. The diligence required in the prosecution of the construction of all works necessary for the diversion and application of water in an attempted appropriation of the same is that constancy or steadfastness of purpose or labor which is usual with men engaged in like enterprises, and who desire a speedy accomplishment of their designs . . .' " Citing 2 Kinney on Irrigation and Water Rights 1269; I Hutchins, Water Rights Laws in the Nineteen Western States, p. 374, and 1 Wiel, Water Rights in the Western States, p. 414.

Generally speaking, the appellate court, in reviewing the decision of the district court, is charged with the duty of determining whether or not there is evidence in the record which will support the judgment of the administrative officer. *Board of Trustees, Laramie County School District No. 1 v. Spiegel,* Wyo., 549 P.2d 1161, 1177 (1976). Transposed to this case, the issue and applicable legal consideration for this court is whether the permittee has diligently pursued the commencement and completion of the reservoir in the allotted time, and, if he has not, whether there is evidence of such cause as the law has delineated as "good cause" which will, thus, excuse his failure.

We held in *Associated Enterprises, Inc.,* that hampering litigation qualified as "good cause" for granting an extension of time for commencing and completion of a reservoir, and a holding to this effect is not an abuse of discretion under the standards set out in *Wyoming Bancorporation v. Bonham,* Wyo., 527 P.2d 432, 436–437 (1974).

So, here we have the State Engineer granting an extension of time to the appellee, T R Twelve, Inc., based on a showing that the entire flow of the reservoir's water source is in litigation and thus in jeopardy. The order is founded in a proper showing of good cause under *Associated Enterprises, Inc.,* supra.

If the permittee is only charged with diligence in starting and completing the reservoir, failing which he will be excused upon a legally recognized good-cause showing that he failed to exercise this diligence, and assuming, as we do, this showing has been made, where, then, does that leave the appellants with respect to points 1, 2, 3 and 5 above?

### Appellants' Issue No. 1

Appellants' ownership of the land upon which the reservoir is to be constructed— conflict with existing water rights:

■ The question of whether or not an extension of a reservoir permit affects established water rights was again settled in *Associated Enterprises, Inc.,* supra. In that opinion we reiterated that, under *Laughlin v. State Board of Control,* 21 Wyo. 99, 128 P. 517, 519, reh. den. 21 Wyo. 99, 131 P. 62 (1913), such matters as the effect of the construction of the reservoir upon existing

water rights was outside the ken of an application of this kind. We held in *Associated Enterprises, Inc.*, supra, that such issues are to be resolved when the original reservoir permit is before the State Engineer in the first instance, and said in this regard:

"Appellants cannot, in a proceeding contemplated by the extension-of-time statute (§ 41–4–506, W.S.1977 [§ 41–206, W.S.1957, 1975 Cum.Supp.]), supra, litigate claimed rights conceived by the original reservoir permit approval-or-rejection statute (§ 41–4–503, W.S.1977 [§ 41–203, W.S.1957]), supra."

We went on to observe in *Associated Enterprises, Inc.*, supra, that the argument about disturbing existing water rights was untenable for the further reason that the applicable Wyoming Constitution and statutes pertaining to the right of eminent domain allow for the taking of and payment for property for reservoir purposes. See, *Associated Enterprises, Inc.*, supra, 578 P.2d at 1362–1363.

### Appellants' Issue No. 2

The allegation of unconstitutionality:

■ Appellants charge that the granting of the extension of time violates the eminent domain provisions of the Wyoming Constitution.

We reject this contention since the mere extension of time in no way grants entry to the appellants' land, nor does it affect the appellants' use, possession or control of his property. *Associated Enterprises, Inc.*, supra.

### Appellants' Issue No. 3

Speculation:

■ Appellants take the position that the Parkman Reservoir project is indefinite and speculative and, therefore, the State Engineer's decision to extend the permit is an abuse of his discretion.

Speculation is not an issue in an extension proceeding. It is an issue during the application proceeding (See § 41–4–503, W.S.1977) and during the final stages lead-ing to a certificate of appropriation (see § 41–4–511, W.S.1977). It may also be an issue during an abandonment proceedings (see § 41–3–401, W.S.1977).

The proceeding to obtain an extension of the time within which to commence and complete construction is, as we have said, fundamentally and primarily concerned with the issue of *due diligence*, as opposed to the *use* to which the water is to be put. Speculation, on the other hand, is really aimed at the manner of usage and, therefore, is not an issue which is qualified for determination in an extension proceeding.

### Appellants' Issue No. 5

Ex parte communication and due process:

■ The appellants argue that their rights to due process have been jeopardized by reason of an ex parte communication between the respondents and the State Engineer.

The statute relied upon by appellants is § 9–4–111, W.S.1977 [§ 9–276.29, W.S.1957, 1975 Cum.Supp.], which provides in relevant part:

" . . . [E]mployees presiding at a hearing in a contested case . . . shall not directly or indirectly in connection *with any issue in the case* consult with . . . any party . . . except upon notice and opportunity for all parties to participate. . . . " [Emphasis supplied]

The only "issue in the case" is whether or not appellee, T R Twelve, Inc., showed the State Engineer good cause for extending the time for commencement and completion of the reservoir.

The specific question, then, becomes this: Did the alleged ex parte communication concern itself with whether or not there existed good cause to extend the time for commencing and completing the Parkman Reservoir? Even more specifically, the question is: Did the communication speak to the issue of due diligence, because it is in due diligence that good cause will or will not be found?

The appellants make the argument that an impropriety was practiced by reason of the alleged communication, but they only *assert* this position. They offer no proof, yet the burden of proof is with him who relies upon the impropriety. *Forest Oil Corporation v. Davis*, Wyo., 396 P.2d 832, 836 (1964); *Elementary School Districts 2, 3 and 10 v. District Boundary Board*, Wyo., 454 P.2d 237 (1969).

From their brief, it would seem that the appellants do not really urge the practice of an impropriety where the relevant issue of good cause is concerned. The argument is that, after the permit hearing, but before decision, the Parkman Reservoir was discussed at a meeting of the Interdepartmental Water Conference presided over by the State Engineer. There is no showing that the question of due diligence was even tangentially discussed at this conference. Furthermore, the affidavit of Larry D. Baccari, President of T R Twelve, Inc., which appears of record herein, recites that neither the proceeding with which we are here concerned nor the good-cause features of the application were discussed at the Interdepartmental Water Conference aforesaid.

We are left, then, with the bold assertion of impropriety—without proof—as compared to the contents of the affidavit which stands uncontradicted for the proposition that the only issues which are relevant to an extension case were not even mentioned at the meeting in question.

If for no other reason, the appellants must fail in the position taken in their point 5 because of a failure to sustain their burden of proof.

Affirmed.